2001 WY 3

John H. STORY, M.D., Appellant
(Plaintiff),

v.

STATE of Wyoming; Judith Uphoff, Director of Corrections; Jim Ferguson, Wyoming State Penitentiary Warden; John Peery; Wexford Health Sources, Inc., Corrections Health Care Division; Dr. Ferguson, a Wyoming State Penitentiary Physician; and James Davis, Department of Corrections Health Services Administrator, Appellees (Defendants).

No. 00–53.

Supreme Court of Wyoming.

Jan. 9, 2001.

Representing Appellant: Walter Urbigkit of Frontier Law Center, Cheyenne, WY.

Representing Appellees State of Wyoming, Judith Uphoff, Jim Ferguson, and James Davis: Gay Woodhouse, Attorney General; John W. Renneisen, Deputy Attorney General; and Jay Jerde, Assistant Attorney General.

Representing Appellees John Peery, Wexford Health Services, Inc., and Dr. Ferguson: Misha E. Westby of Hirst & Applegate, P.C., Cheyenne, WY.

Before LEHMAN, C.J.; THOMAS, GOLDEN and HILL, JJ.; and DAN SPANGLER, District Judge (Ret.).

DAN SPANGLER, District Judge (Retired).

[¶ 1] Appellant John H. Story, M.D., sued Appellees State of Wyoming, Judith Uphoff, Jim Ferguson, James Davis, Wexford Health Sources, Inc., John Peery, and Dr. Donald Ferguson. The individual defendants were dismissed on various motions. The case proceeded to trial against Wexford, resulting in a jury verdict for the defense. In this appeal, the appellant challenges those outcomes. We affirm.

## ISSUES

[¶ 2] The parties raises these issues:

(1) Did the trial court erroneously strike the subpoenas for two of the appellant's witnesses?

(2) Did the trial court erroneously deny the admission of several of the appellant's exhibits?

(3) Did the trial court erroneously submit the case to the jury on only the issue of medical malpractice, rejecting the appellant's third-party beneficiary theory?

(4) Did the trial court erroneously dismiss the claims against the individual defendants?

## FACTS

[¶ 3] The appellant, an inmate at the Wyoming State Penitentiary, reported to the infirmary on July 4, 1995. Wexford had contracted with the State to provide health services at the penitentiary. The appellant told the nurse, a Wexford employee, that he had a growth on his lower eyelid that had been there for ten months. The nurse made an appointment for him to see an optometrist, Dr. Dick W. Lew.

[¶ 4] On August 18, 1995, Dr. Lew examined the appellant and referred him to Dr. Ferguson. Dr. Ferguson examined him on August 31, 1995, and referred him to Dr. Paul W. Pheneger, an ophthalmologist who examines inmates once a month. The appellant was scheduled for the next available appointment on October 12, 1995; however, he was not seen in October. He claims he was neither advised of nor taken to the appointment. Wexford states that either the appellant refused to be transported or there were transportation problems within the penitentiary. On November 22, 1995, the appellant told Dr. Ferguson that he had not been seen by Dr. Pheneger. Dr. Ferguson arranged for the next available appointment.

[¶ 5] On December 21, 1995, Dr. Pheneger examined the appellant and scheduled an appointment to excise and drain the lesion. This was accomplished on January 18, 1996. Biopsies were also taken. On February 14, 1996, the appellant was informed that he had a basal cell carcinoma. Surgery was performed on February 20, 1996. On February 21, 1996, a diagnosis of sebaceous carcinoma arising from the meibomian glands of the deep tarsal plate was made. The appellant underwent additional surgery on February 27, 1996.

[¶ 6] The appellant states that the significant issue of fact is whether the cancerous growth was enlarging from June 20, 1995, until proper evaluation was obtained in December 1995 and January 1996.

## THE APPELLANT'S WITNESSES

[¶ 7] Two weeks before trial, the appellant listed two new witnesses in his pretrial memorandum. The two witnesses were inmates at the penitentiary who would testify as to their observations of the lesion. Wexford moved to strike the subpoenas on the grounds of unfair prejudice and surprise. The trial court granted the motion but gave the appellant an opportunity to offer the witnesses as part of the case in rebuttal. The appellant did not attempt to call the witnesses in rebuttal.

[¶ 8] In the case of *Contreras v. Carbon County School District # 1*, 843 P.2d 589, 596 (Wyo.1992), this Court stated: "Where a court gives a party seeking to admit evidence the opportunity to renew his attempt to have it admitted, the party cannot complain if he fails to take the opportunity which is offered." Consequently, the appellant cannot claim error when he did not pursue the opportunity to offer the testimony at a later time.

## THE APPELLANT'S EXHIBITS

[¶ 9] The appellant questions the trial court's rulings on several of his exhibits. The standard of review is that decisions concerning admissibility of evidence are within the sound discretion of the trial court and will not be disturbed absent a clear abuse of discretion. Judicial discretion means exercising a sound judgment with regard to what is right under the circumstances without doing so arbitrarily or capriciously. *Vaughn v. State*, 962 P.2d 149, 151 (Wyo.1998).

[¶ 10] The appellant listed as an exhibit a report on the penitentiary prepared by the United States Department of Justice. During Wexford's motion in limine, the trial court deferred ruling on admissibility until the exhibit was offered at trial. The appellant never offered the exhibit. Thus, there is no ruling which the appellant can challenge.

[¶ 11] The trial court sustained Wexford's objection at trial to the admission of the contract between Wexford and the State. The appellant attempted to lay a foundation for the document through his own testimony. He did not claim that he was a custodian or he had any other capacity from which to authenticate the document. In order for a document to be admitted into evidence, the proponent must establish that the document is authentic. W.R.E. 901. The appellant did not accomplish this. Therefore, the trial court's ruling was correct.

[¶ 12] The trial court sustained defense objections to various medical records on foundation grounds. The appellant did not attempt to authenticate the records. Again, the trial court was correct in denying admission of unauthenticated documents.

[¶ 13] The appellant complains that his exhibit containing the health care standards of the National Commission on Correctional Health Care was not admitted. The record demonstrates that the appellant did not offer the entire exhibit but offered only a portion of it. The trial court allowed into evidence the relevant pages following testimony by the appellant's expert that he relied on those pages. The appellant does not explain why that ruling was erroneous.

## THE THIRD–PARTY BENEFICIARY CLAIM

[¶ 14] The appellant asserts that error was committed when the trial court declined to instruct the jury on his claim that he was a third-party beneficiary of the health services contract between Wexford and the State. Having earlier concluded that the trial court correctly denied admission of the contract into evidence, there was insufficient evidence to support the third-party beneficiary claim. Thus, there was no basis for the jury instruction offered by the appellant.

## THE INDIVIDUAL DEFENDANTS

[¶ 15] The trial court granted summary judgment motions in favor of Dr. Ferguson and John Peery, both employees of Wexford. The appellant does not explain why these rulings were incorrect. In any event, the individual Wexford defendants were exonerated by the jury verdict that Wexford was not liable. The appellant had a chance to present evidence that these employees were negligent. If there had been sufficient evi-

dence to persuade the jury that the employees were negligent, Wexford would have been found liable. Because the appellant was not able to convince the jury that the Wexford employees were negligent, those summary judgment rulings are of no importance on appeal.

■ [¶ 16] The appellant contests the trial court's decision granting summary judgment to Jim Ferguson, Warden of the Wyoming State Penitentiary, on a 42 U.S.C. § 1983 claim that he violated the cruel and unusual punishment prohibition of the Eighth Amendment to the United States Constitution when he acted deliberately and indifferently to the serious medical needs of a prisoner. To establish deliberate indifference, a plaintiff must show that the prison official knew the inmate faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to abate it. *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir.1999).

■ [¶ 17] The standard of review for summary judgment issues is that the movant is entitled to summary judgment upon a showing that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. W.R.C.P. 56(c). The reviewing court examines the summary judgment materials in the light most favorable to the party opposing summary judgment and gives that party the benefit of all favorable inferences which may fairly be drawn from the record. *McCoy v. Crook County Sheriff's Department,* 987 P.2d 674, 676 (Wyo.1999).

■ [¶ 18] The relevant evidence in the record reveals that the warden met with the appellant in August and September of 1995. After the first meeting, the warden inquired of the medical department about the appellant's condition. He was told that the appellant had been examined by Dr. Lew and referred to Dr. Ferguson. The appellant also sent the warden copies of August and November letters he wrote about his health concerns. There is no evidence of indifference, let alone deliberate indifference. We affirm the trial court's grant of summary judgment to Warden Ferguson.

■ [¶ 19] The appellant also made deliberate indifference claims against Judith Uphoff, Director of Corrections, and James Davis, Department of Corrections Health Services Administrator. These claims were dismissed for failure to state a claim pursuant to W.R.C.P. 12(b)(6). The standard of review is that this Court accepts the facts stated in the complaint as true and views them in the light most favorable to the plaintiff. *Gillis v. F & A Enterprises,* 934 P.2d 1253, 1254–55 (Wyo.1997). The dismissal will be sustained only when it is certain from the face of the complaint that the plaintiff cannot assert any facts that would entitle him to relief. 934 P.2d at 1255.

[¶ 20] The appellant's factual allegations do not show that these defendants acted deliberately and with indifference to deprive him of his right against cruel and unusual punishment. The conclusory allegations are not sufficient to state a claim for deliberate indifference. *Meade v. Grubbs,* 841 F.2d 1512, 1531 (10th Cir.1988). As a result, we affirm the trial court's rulings.

## CONCLUSION

[¶ 21] The trial court did not commit errors in its rulings on witnesses, evidence, and instructions or its dismissal of the individual defendants. Accordingly, we affirm the judgments in favor of the defendants.