2002 WY 49

**Edward D. MANION, Jr., Appellant (Plaintiff),**

v.

**CHASE MANHATTAN MORTGAGE CORPORATION, Appellee (Defendant).**

**No. 01–30.**

Supreme Court of Wyoming.

April 3, 2002.

Representing Appellant:  Peter F. Moyer, Jackson, WY.

Representing Appellee:  Timothy M. Stubson of Brown, Drew & Massey, LLP, Casper, WY.

Before LEHMAN, C.J., and GOLDEN, HILL, and VOIGT, JJ., and SPANGLER, District Judge (Ret.).

LEHMAN, Chief Justice.

[¶ 1]   In this appeal, we are asked to review a claim that a foreclosing mortgagee acted unfairly and in bad faith when it purchased the subject property at the foreclosure sale.  Because the appellant alleged nothing more than inadequacy in the price paid at the foreclosure sale, we affirm the district court's dismissal for failure to state a claim upon which relief can be granted.

***ISSUES***

[¶ 2]   The appellant presents his sole issue in this fashion:

Under a foreclosure sale by notice and sale under W.R.S. Section 34–4–108, is the mortgagee entitled to purchase the mortgaged property for the amount of its mortgage debt without regard to the actual value of the property, notwithstanding the express statutory requirement that the mortgagee act "fairly and in good faith?"

## FACTS

**[¶ 3]** In accordance with our standard for reviewing dismissed actions, we accept as true all the facts alleged in the complaint. *Duncan v. Afton, Inc.*, 991 P.2d 739, 742 (Wyo.1999). Appellant Edward D. Manion, Jr. (Manion) is the mortgagee of a second mortgage on a Teton County property owned by Douglas G. Herrick and Melinda Herrick. Appellee Chase Manhattan Mortgage Corporation (Chase Manhattan), the first mortgagee on the property, foreclosed on the Herricks' property and, by notice and sale, arranged for a foreclosure sale. At a February 2000 foreclosure sale, Chase Manhattan, apparently the sole bidder, purchased the property for $520,100.86. Because the entire $520,100.86 was applied to repayment of the Chase Manhattan mortgage, no excess proceeds were left for the second mortgagee, Manion.

**[¶ 4]** Manion instituted this declaratory judgment action in June of 2000, contending Chase Manhattan breached a duty of good faith found in Wyo. Stat. Ann. § 34–4–108 (LexisNexis 2001), which provides:

> The mortgagee, his assigns, or his or their legal representatives may fairly and in good faith, purchase the premises sold upon foreclosure of any mortgage by advertisement under power of sale or any part thereof, at such sale[.]

**[¶ 5]** Manion's complaint alleged that Chase Manhattan breached the duty of good faith because it had notice that the property was worth in excess of $650,000 at the time of the foreclosure sale. Thus, Manion contends, Chase Manhattan violated the statute by failing to bid fair value at the foreclosure sale. In his prayer for relief, Manion asked that the foreclosure sale be set aside. Pursuant to W.R.C.P. 12(b)(6), the district court dismissed the complaint for failure to state a claim upon which relief can be granted. This appeal followed.

## STANDARD OF REVIEW

**[¶ 6]** The standard of review applicable to this matter is well settled.

> When claims are dismissed under W.R.C.P. 12(b)(6), this Court accepts the facts stated in the complaint as true and views them in the light most favorable to the plaintiff. Such a dismissal will be sustained only when it is certain from the face of the complaint that the plaintiff cannot assert any facts that would entitle him to relief. *Story v. State*, 2001 WY 3, ¶ 19, 15 P.3d 1066, ¶ 19 (Wyo.2001). Dismissal is a drastic remedy and is sparingly granted; nevertheless, we will sustain a W.R.C.P. 12(b)(6) dismissal when it is certain from the face of the complaint that the plaintiff cannot assert any set of facts that would entitle that plaintiff to relief. *Robinson v. Pacificorp*, 10 P.3d 1133, 1135–36 (Wyo. 2000).

*Van Riper v. Oedekoven*, 2001 WY 58, ¶ 24, 26 P.3d 325, ¶ 24 (Wyo.2001)

## DISCUSSION

**[¶ 7]** Although no Wyoming case has addressed this area of law, the case law and other authorities establish a general rule that "a foreclosure sale free from fraud or irregularity will not be held invalid for inadequacy of the price." *Kantack v. Kreuer*, 280 Minn. 232, 158 N.W.2d 842, 848 (1968); *Giordano v. Stubbs*, 228 Ga. 75, 184 S.E.2d 165, 168–69 (1971); *West Roxbury Co-op. Bank v. Bowser*, 324 Mass. 489, 87 N.E.2d 113, 115 (1949); *Pentad Joint Venture v. First Nat'l Bank of La Grange*, 797 S.W.2d 92, 95–96 (Tex.App.1990). Stated another way,

> The fact that there is some inadequacy in the price at which property was sold is not sufficient ground for setting aside a sale under a power in a mortgage or trust deed where the sale was lawfully made and rightly conducted, with full opportunity for competition in the bidding, and without fraud, partiality, or oppression.

59 A C.J.S. *Mortgages* § 680 (1998) (footnote omitted). Here, the complaint does not allege that the sale was conducted illegally or that there was less than a full and fair opportunity for competitive bidding. In addition, there is no allegation of fraud, partiality, or oppression. Without such facts alleged, we agree that Manion cannot establish bad faith on the part of Chase Manhattan. Manion has thus failed to state a claim upon which relief can be granted.

[¶ 8]   We further note that, not only did Manion have the right to go to the foreclosure sale and purchase the property to protect his investment, Wyoming law also provides a right of redemption following a foreclosure sale.  This right is available to both the person whose real property has been sold as well as a mortgagee such as Manion.  Wyo. Stat. Ann. §§ 1–18–103 and –104 (LexisNexis 2001).  Generally, "where the right of redemption is not cut off by the sale, the courts are more reluctant to set it aside for inadequacy of price than where the sale bars the right altogether." 59 A C.J.S. *Mortgages* § 680.

[¶ 9]   The decision of the district court is affirmed.