2003 WY 164

Darell Ten BROEK and Bonnie Ten Broek, and Barbara G. Chaney and Jay S. Chaney, Trustees of the Barbara G. Chaney Living Trust, Dated October 3, 1997, Appellants (Defendants),

v.

COUNTY OF WASHAKIE, Appellee (Plaintiff).

No. 03–45.

Supreme Court of Wyoming.

Dec. 22, 2003.

Representing Appellants: Kent A. Richins, Worland, Wyoming.

Representing Appellee: G. Albert Sinn, Washakie County Attorney, Worland, Wyoming.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

HILL, Chief Justice.

[¶ 1]   Darell and Bonnie Ten Broek, along with Barbara G. and Jay S. Chaney as trustees of the Barbara G. Chaney Living Trust (collectively the Defendants), appeal an order of the district court on a complaint for declaratory judgment filed by the County of Washakie (the County) to establish a stock trail over a portion of their land pursuant to a prescriptive easement.  We conclude that a declaratory judgment is not the appropriate means to establish a prescriptive public easement because the legislature has established a specific statutory procedure that requires such claims to be brought initially before the respective board of county commissioners. Accordingly, we vacate the district court's order and reverse and remand with directions to dismiss the County's complaint without prejudice.

## ISSUES

[¶ 2]   The Defendants set forth two issues:

1.  Did the district court commit reversible error when, as a matter of law, it concluded that Washakie County does have legal authority to establish a public stock trail by prescriptive easement on private property?

2.  Are the findings and conclusions of the district court that a public stock trail has been established by Washakie County on private property by prescriptive easement clearly erroneous, not supported by substantial evidence and contrary to law?

The County's statement of the issues parallels that of the Defendants.

## FACTS

[¶ 3]   The Defendants own land in Washakie County.  In October 1999, the Defendants, acting individually, purchased small strips of property adjacent to their own land. The purchased property lay between the De-

fendants' land and U.S. Highway 16.[1] The property was in a state of neglect with sinkholes, dilapidated fences, overgrowing vegetation and abandoned vehicles on it. The Defendants cleaned up the property and moved their fence lines to encompass their purchases.

[¶ 4] In June 2000, the County filed a Declaratory Judgment action against the Defendants. The County alleged that the property purchased by the Defendants had been designated in historical documents as a stock trail. The County also asserted that the public had used the property as a stock trail continuously since at least 1904 and that the fencing of it interfered with that use. The County requested a declaration from the district court that the property was subject to an easement for a stock drive as part of the adjacent road and that the Defendants be ordered to relocate their fences. An unrecorded hearing was held before the district court. On May 4, 2001, the district court issued a decision letter concluding that the County had established a prescriptive easement over the Defendants' property. The district court held two more hearings where additional evidence was taken in response to motions for reconsideration and for rehearing filed by the Defendants. The district court issued an order on December 18, 2002 confirming its original conclusion that the County had established a prescriptive easement. The Defendants have appealed that order.

### STANDARD OF REVIEW

[¶ 5] When a matter is tried before the district court without a jury, we review the court's findings of fact pursuant to a clearly erroneous standard. Any conclusions of law are reviewed *de novo*. *Davis v. Chadwick*, 2002 WY 157, ¶ 8, 55 P.3d 1267, ¶ 8 (Wyo.2002).

1. The highway was designated a county road by the Big Horn County Commissioners in 1906. Washakie County was created out of part of Big Horn County in 1911. The highway is still referred to as Big Horn County Road No. 91.

### DISCUSSION

[¶ 6] The Defendants' main argument is that the County does not have any legal authority to establish a stock trail by prescription across private property.[2] The underlying premise to the argument is that there is no specific statutory provision authorizing a county to bring an action to establish a public stock trail by prescription. Under the facts of this case, the Defendants' argument is one of semantics. The phrase "stock trail" is just descriptive of a public use on the adjacent road. In other words, the County is claiming that the public has used U.S. Highway 16, also called Big Horn County Road No. 91, and the portion of the Defendants' land adjacent to that road to drive livestock. The allegations in the County's complaint clearly demonstrate the relationship between the Defendants' property and the road:

1. The Defendant's [sic] in this matter are owners and/or trustees in fee simple of the areas on the South portion of Section 17, Township 47N, Range 88W.

2. During the late fall of 1999, the Defendants' [sic] Chaney, removed a pole and post fence and re-erected it some feet south, where it is presently located.

3. Defendants' [sic] Ten Broek, built a post and wire fence some feet south from an old highway right-of-way fence, where it is presently located.

4. The Washakie County Commissioners commissioned R.L. Hudson, Land Surveyor, to survey this area which he did and a Letter of Transmittal and Report of Surveyor dated March 22, 2000, was given to the Washakie County Commissioners.

5. The Big Horn County Commissioners on or about July 6, 1904, declared the area on the boundary line between Section 17 and Section 20, in Tracts 65 and 55, and 56 of the re-survey Township 47N, Range 88W, to be a county road.

2. The Defendants' second issue challenges the sufficiency of the evidence supporting the district court's ruling. Given our conclusion that a county may not use a declaratory judgment action to establish a prescriptive easement, the issue is moot, and we will not address it in this appeal.

6. A notation appears on the 1910 Plat of Ten Sleep, Big Horn County, Wyoming, on file in the Washakie County Clerk's Office, which labels this road as main street with a 66 foot right-of way centered on the section line center of county road with a bearing of S89, 42 minutes west. The road was reconstructed in 1922 and designated as a state highway on November 25, 1929, under project number 108E. The location was easterly along the tract line, then north easterly through a curve to the left and then a curve to the right in the vicinity of the Ten Broek and Chaney property lines.

7. That highway was in use until approximately 1936, when highway 16 was constructed in its present location and designated as such on November 28, 1939, still under project number 108E.

8. U.S. Highway 16 was re-constructed in the 1960's [sic] under project F–036–1(17) on which plan the road in question was noted as a stock drive.

9. The minutes of the Washakie County Board of Commissioners meeting on September 1, 1936, record a motion by Commissioner Horel, and its adoption whereby;

"Whereas a new highway is being constructed from Big Cottonwood Creek to Ten Sleep, Wyoming, re replace from said Cottonwood Creek to Ten Sleep, the present highway No.1 16;" and "Whereas, the State Highway Department of the State of Wyoming is agreeable to leaving in place the old treated timber bridges and all of the culverts on the present Worland–Ten Sleep road from Big Cottonwood Creek into Ten Sleep provided that said present road is designated as a stock driveway and cattle run instead of the new road which is in the process of construction; now therefore, Be it Resolved by the Board of County Commissioners of the County of Washakie, State of Wyoming, that the present Worland–Ten Sleep road, being highway No. 16, from Big Cottonwood Creek into Ten Sleep, be and the same is hereby designated as a stock driveway and cattle run."

10. A Warranty Deed from Nichols to a prior predecessor of the Defendants, the Wyoming Game and Fish Commission, recorded in 1944, contains a metes and bounds description concerning the Ten Broek lands that mentions a fence line. The existence of the old fence line varies between 33 and 23 feet north of the tract line prior to March 4, 1944.

11. A certified land corner recordation report prepared by Mr. Stanton Able, Licensed Professional Surveyor for the State of Wyoming, recorded on February 4, 1985, for corner 4 of tract 54, also being corner 1 of tract 56, states that corner as being 31 feet from the north fence. The map on the reverse side dated December 19, 1984, indicates a fence to exist along the north side of the old highway route.

12. R.L. Hudson's State of Wyoming Corner Report also shows a tie to one remaining old fence post north of the road to be 31 feet north of the tract line having been measured by Hudson on March 16, 2000.

13. The stock drive has been used as a public road and stock drive continuously since 1904 for parking cars, rodeo events, football games, driving livestock, etc. Livestock has been [sic] driven through the north 33 feet of the stock drive continuously since before 1937.

14. Sometime in the fall of 1999, the Defendants removed the old fence with the exception of one fence post on the North side and re-erected new fences further south into the 66 foot stock drive.

15. The Chaney fence encloses approximately .15 acres of the stock drive, thereby eliminating any use by the public.

16. The Ten Broek fence encloses approximately .75 acres of the stock drive, thereby eliminating any use by the public.

Whatever label is attached, the County is claiming that a portion of the Defendants' property is part of the adjacent road designated as U.S. Highway 16/Big Horn County

Road No. 91.[3]  The parties agree that the resolution of that claim is dependent on whether the County established a prescriptive use across the Defendants' property. The legislature has specifically granted counties the right to establish public highways, including by prescription.  Wyo. Stat. Ann. § 24–1–101 (Lexis/Nexis 2003).  Accordingly, we reject the Defendants' contention that the County lacked the authority to establish the "stock trail" in question across their lands through the common law doctrine of prescription.

[¶ 7]  We must, however, reverse and vacate the district court's decision granting the prescriptive easement to the County.  As noted in the facts above, the County prosecuted this action through a declaratory judgment claim brought in the district court. The legislature has established a specific procedure for the establishment of a public road by prescription in the above-mentioned Wyo. Stat. Ann. § 24–1–101, which provides:

(a) On and after January 1, 1924, all roads within this state shall be highways, which have been or may be declared by law to be state or county highways.  It shall be the duty of the several boards of county commissioners, within their respective counties, prior to said date, to determine what, if any, such roads now or heretofore traveled but not heretofore officially established and recorded, are necessary or important for the public use as permanent roads, and to cause such roads to be recorded, or if need be laid out, established and recorded, and all roads recorded as aforesaid, shall be highways.  No other roads shall be highways unless and until lawfully established as such by official authority.  Except, nothing contained herein shall be construed as preventing the creation or establishment of a public highway right-of-way with reference to state and county highways under the common-law doctrines of adverse possession or prescription either prior to or subsequent to the enactment hereof.  If any such board shall

resolve the creation or establishment of a public highway right-of-way based upon the common-law doctrines of adverse possession or prescription, it shall, following the filing of a plat and accurate survey required in accordance with the terms and provisions of W.S. 24–3–109, proceed with the publication of the proposed road for three (3) successive weeks in three (3) successive issues of some official newspaper published in the county, if any such there be, and if no newspaper be published therein, such notice shall be posted in at least three (3) public places along the line of the proposed road, which notice shall be exclusive of all other notices and may be in the following form:

[Form omitted]

(b) The county commissioners shall cause a copy of the above notice to be mailed by registered or certified mail to all persons owning lands or claiming any interest in any lands over or across which the road is proposed to be created or established.  The publication, posting and mailings of such notice shall be a legal and sufficient notice to all persons owning lands or claiming any interest in lands over which the proposed road is to be created or established.  No viewers or appraisers shall be appointed, nor shall any damage claims be considered or heard, and the sole objections to be heard by the board shall be directed against the creation or establishment of such right-of-way under the common-law doctrines of adverse possession or prescription. Any objector may appeal from the final decision of the board of the county commissioners to the district court of the county in which the land is situated.  Notice of such appeal must be made to the county clerk within thirty (30) days after such decision has been made by the board, or such claim shall be deemed to have been abandoned.

---

**3.**  We note that in Wyoming stock may be driven on any county road unless the respective board of county commissioners has specifically declared that a certain road is not to be used for that purpose.  See Wyo. Stat. Ann. §§ 24–1–121 & 122 (Lexis/Nexis 2003).

Within ten (10) days after the notice of an appeal is filed in his office, the county clerk shall make out and file in the office of the clerk of the district court, in his county, a transcript of the papers on file in his office, and the proceedings of the board in relation to such creation and establishment. The proceedings on appeal shall be governed by the Wyoming Administrative Procedure Act. If the appeal is upheld the appellant shall be reimbursed by the county for all reasonable costs of asserting his claim.

(c) Only that portion of the state highways actually used, travelled or fenced, which has been used by the general public for a period of ten (10) years or longer, either prior to or subsequent to the enactment hereof, shall be presumed to be public highways lawfully established as such by official authority and unavailability of records to show such to have been lawfully established shall not rebut this presumption.

(d) Only that portion of county highways, not to exceed sixty-six (66) feet in width, which was actually constructed or substantially maintained by the county and traveled and used by the general public for a period of ten (10) years or longer, either prior to or subsequent to the enactment hereof, shall be presumed to be public highways lawfully established as such by official authority.

The County asserts that a declaratory judgment action is an appropriate means of determining this matter. The County notes that a declaratory judgment action is a remedial action that is to be liberally construed and applied. It also argues that the Defendants were provided with procedural and substantive due process in the proceedings before the district court.

[¶ 8]  The problem with the County's approach is that it takes the authority to make the initial decision away from the legislatively designated body and places that authority with the entity that was legislatively designated as the appellate court in the matter. We have addressed this very issue before and clearly stated that it is not a proper utilization of a declaratory judgment action:

However, the added element which may be considered in cases such as this is the status of a declaratory judgment action filed in a court *which is an appellate court* for the same issue presented, or able to be presented, below. Here the declaratory judgment action was filed in the district court. The district court is designated the appellate court for judicial review of administrative actions.

Ordinarily, a declaratory judgment action is not a substitute for an appeal. *School Districts Nos. 2, 3, 6, 9, and 10, Campbell County v. Cook,* Wyo., 424 P.2d 751 (1967); *Stahl v. Wilson,* Fla.App., 121 So.2d 662 (1960); *Sparks v. Brock & Blevins, Inc.,* 274 Ala. 147, 145 So.2d 844 (1962); and *Bryarly v. State,* 232 Ind. 47, 111 N.E.2d 277 (1953). But such direct action is often available "even though there was a statutory method of appeal," *School Districts Nos. 2, 3, 6, 9, and 10, Campbell County v. Cook,* supra, 424 P.2d at 755. Here, there is no appeal actually pending and the issues are not moot.

However, there is a restriction on the availability of a declaratory judgment action with reference to its applicability to administrative matters. Where the action would result in a prejudging of issues that should be decided in the first instance by an administrative body, it should not lie. This is because, if it be otherwise, all decisions by the several agencies could be bypassed, and the district court would be administering the activities of the executive branch of the government. *Public Service Commission of Utah v. Wycoff Co.,* 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291 (1952); and *City of Cheyenne v. Sims,* Wyo., 521 P.2d 1347 (1974). This restriction on the scope of declaratory judgments is akin to the requirement that administrative remedies must be exhausted before judicial relief is available.

Accordingly, where the relief desired is in the nature of a substitution of judicial decision for that of the agency on issues pertaining to the administration of the subject matter for which the agency was created,

274

the action should not be entertained. If, however, such desired relief concerns the validity and construction of agency regulations, or if it concerns the constitutionality or interpretation of a statute upon which the administrative action is, or is to be, based, the action should be entertained. This is no more than that obviously and plainly provided for in the language of the Uniform Declaratory Judgments Act.

*Rocky Mountain Oil and Gas Association v. State*, 645 P.2d 1163, 1168–69 (Wyo.1982). *See also, City of Cheyenne v. Sims*, 521 P.2d 1347, 1349–50 (Wyo.1974) ("Declaratory judgment should not be used to usurp or replace specific administrative relief, particularly when the initial decision is committed to an administrative body.") A board of county commissioners is considered an agency under the Wyoming Administrative Procedure Act. Wyo. Stat. Ann. § 16–3–101(b)(i) (Lexis/Nexis 2003); *Holding's Little America v. Board of County Commissioners of Laramie County*, 670 P.2d 699, 701–02 (Wyo.1983). The subject of the County's action does not concern the validity or construction of an agency regulation or the constitutionality or interpretation of a statute. Rather, the relief requested by the County in this matter pertains to a matter that has been legislatively consigned to determination by an administrative agency. The use of a declaratory judgment action in these circumstances was improper.

### CONCLUSION

[¶ 9] Since the proper procedures were not followed, we vacate the district court's order and reverse and remand the matter to the district court with instructions to dismiss the County's complaint. The County may pursue its claim, if it desires, as directed by Wyo. Stat. Ann. § 24–1–101.