2004 WY 65

BONNIE M. QUINN REVOCABLE TRUST, dated March 7, 1995; and John Quinn, Jr. Revocable Trust, dated March 7, 1995, Appellants (Plaintiffs),

v.

SRW, INC., a Michigan Corporation; and Brenco Drilling, LLC, a Wyoming Limited Liability Company, Appellees (Defendants).

No. 03–180.

Supreme Court of Wyoming.

June 7, 2004.

Representing Appellant: Dennis M. Kirven of Kirven and Kirven, P.C., Buffalo, WY. Argument by Mr. Kirven.

Representing Appellee: Kevin D. Huber and P. Craig Silva of Williams, Porter, Day and Neville, P.C., Casper, WY. Argument by Mr. Silva.

Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.

LEHMAN, Justice.

[¶ 1] The John Quinn, Jr. Revocable Trust, dated March 7, 1995, and Bonnie M. Quinn Revocable Trust, dated March 7, 1995 (Quinn Trusts), appeal the district court order dismissing their complaint pursuant to W.R.C.P 12(b)(6) for failure to state a claim upon which relief can be granted. The Quinn Trusts argue that they are entitled to maintain a declaratory judgment action under the circumstances and that they have presented a justiciable controversy. SRW, Inc. and Brenco Drilling, LLC (SRW and Brenco) maintain that the complaint was properly dismissed because the Quinn Trusts failed to exhaust their administrative remedies. We affirm.

## ISSUES

[¶ 2] The Quinn Trusts phrase the issues as:

A. Are Appellants entitled to maintain a Declaratory Judgment action to determine whether the exploration and production of coalbed methane gas requires a conditional use permit under the zoning resolution of Sheridan County, Wyoming?

B. Is the regulation of coalbed methane gas activities prohibited under W.S. § 18-5-201?

SRW and Brenco present the following issues:

1. Determining whether the exploration and production of coalbed methane gas requires a conditional use permit would bypass appropriate administrative ruling resulting in prejudging of issues when appellants have failed to seek appropriate administrative relief.

2. The Quinn Trust failed to exhaust its administrative remedies, therefore, it cannot seek relief in district court making the issue of justiciability moot, notwithstanding that, the Quinn Trust's complaint fails to present a justiciable controversy.

3. Under Wyoming law and the holding in *River Springs Ltd. Liability Co. v. Board of County Commissioners* the county commissioners cannot zone mining exploration.

## FACTS

[¶ 3] The Quinn Trusts own real property in Sheridan County as tenants in common. This property is used primarily for agricultural purposes. Indeed, the Quinn property is zoned for agricultural use pursuant to the Sheridan County zoning resolution, which was adopted by the Board of County Commissioners for Sheridan County on May 14, 1985. The Quinn Trusts do not own the rights to the minerals underneath the Quinn property.

[¶ 4] In April of 2003, SRW and Brenco began the exploration and development of minerals underneath the Quinn property. SRW and Brenco did not seek or obtain a conditional use permit from the board of county commissioners prior to the commencement of their activities. However, their activities were pursuant to permits obtained from the Wyoming Oil and Gas Conservation Commission. SRW and Brenco have constructed roads and drill pads on the Quinn property and are drilling from the surface down to the coal seam to obtain coalbed methane gas.

[¶ 5]   Shortly after SRW and Brenco commenced their work, the Quinn Trusts sent a letter to SRW's attorney demanding that SRW comply with the Sheridan County zoning resolution.   Specifically, the Quinn Trusts asserted that section 17 of the zoning regulation provides that "mineral exploration temporary facilities" are not permitted in any of the zoning resolution's classifications; and, as a result, such activities are only allowed if a conditional use permit is applied for and granted.[1]   The Quinn Trusts therefore demanded that SRW apply for a conditional use permit before occupying or using the Quinn property for the purpose of mineral extraction.   SRW did not reply to this demand because it believed that its use of the land did not require a conditional use permit. The Quinn Trusts additionally sent a letter to the county attorney asking that the zoning resolution be enforced.   No action was taken on that letter.

[¶ 6]   On April 25, 2003, the Quinn Trusts filed this action.   The Quinn Trusts sought a declaration under the Uniform Declaratory Judgments Act that the zoning resolution required SRW and Brenco to apply for and obtain a conditional use permit for each drill site located on the Quinn property.   The Quinn Trusts also requested that the court issue an injunction prohibiting SRW and Brenco from continuing mineral extraction activity on the Quinn Trusts' property without a conditional use permit.   The Quinn Trusts additionally asked that the court determine that state or federal law concerning coalbed methane drilling does not preempt the board of county commissioners from regulating mineral exploration in this manner.

[¶ 7]   SRW and Brenco did not file an answer but instead filed a motion to dismiss under W.R.C.P. 12(b)(6).   SRW and Brenco alleged that the Quinn Trusts were not entitled to relief under the Uniform Declaratory Judgments Act because, among other things, the zoning regulation did not apply to their drilling activities and the Quinn Trusts failed

to exhaust their administrative remedies. They further alleged that under Wyo. Stat. Ann. § 18–5–201 (LexisNexis 2003) their drilling activities are not subject to regulation.   The court granted the motion on July 30, 2003, dismissing the Quinn Trusts' complaint for failure to state a claim upon which relief can be granted.   The Quinn Trusts appeal.

### STANDARD OF REVIEW

[¶ 8]   Our well-known standard of review for motions to dismiss applies.

When claims are dismissed under W.R.C.P. 12(b)(6), this court accepts the facts stated in the complaint as true and views them in the light most favorable to the plaintiff.   Such a dismissal will be sustained only when it is certain from the face of the complaint that the plaintiff cannot assert any facts that would entitle him to relief.   *Story v. State,* 2001 WY 3, ¶ 19, 15 P.3d 1066, ¶ 19 (Wyo.2001).   Dismissal is a drastic remedy and is sparingly granted; nevertheless, we will sustain a W.R.C.P. 12(b)(6) dismissal when it is certain from the face of the complaint that the plaintiff cannot assert any set of facts that would entitle that plaintiff to relief.   *Robinson v. Pacificorp,* 10 P.3d 1133, 1135–36 (Wyo. 2000).

*Manion v. Chase Manhattan Mortgage Corp.,* 2002 WY 49, ¶ 6, 43 P.3d 576, ¶ 6 (Wyo.2002) (quoting *Van Riper v. Oedekoven,* 2001 WY 58, ¶ 24, 26 P.3d 325, ¶ 24 (Wyo. 2001)).

### DISCUSSION

[¶ 9]   We begin with the question of whether the Quinn Trusts can maintain their suit in light of their failure to seek administrative relief.   The Quinn Trusts argue that the Uniform Declaratory Judgments Act was specifically designed for this type of action and that the act should be liberally construed to serve its purpose.[2]   In making this argu-

---

**1.** Section 24(B) of the zoning resolution provides:

 B.   Conditional Use Permit (CUP) Required. Any use not shown as permitted in the Zoning District in which the use is being requested, as

per Section 17.   ZONING USE CHART, shall require a CUP prior to initiation of the use.

**2.** Wyo. Stat. Ann § 1–37–103 (LexisNexis 2003) provides:

ment they claim that this action could resolve uncertainty created by the zoning resolution. As such, they argue that they were not required to pursue administrative remedies in order to maintain their declaratory judgment action. We disagree.

[¶ 10] The purpose of declaratory judgment actions is, as the Quinn Trusts assert, to settle disputes and terminate controversy concerning the legal rights and duties of the parties without requiring that one party commit a wrong. *Hirschfield v. Board of County Comm'rs*, 944 P.2d 1139, 1142 (Wyo.1997). Additionally, as the Quinn Trusts assert, Wyoming's declaratory judgments act is remedial and should be liberally construed and administered. *Id.; see* Wyo. Stat. Ann. § 1–37–114 (LexisNexis 2003). Nevertheless, there remains the prerequisite that the party seeking declaratory relief present the court with an actual controversy. *Hirschfield*, at 1142. In addition,

> there is a restriction on the availability of a declaratory judgment action with reference to its applicability to administrative matters. Where the action would result in a prejudging of issues that should be decided in the first instance by an administrative body, it should not lie. This is because, if it be otherwise, all decisions by the several agencies could be bypassed, and the district court would be administering the activities of the executive branch of the government. This restriction on the scope of declaratory judgments is akin to the requirement that administrative remedies must be exhausted before judicial relief is available.

*Rocky Mountain Oil and Gas Ass'n v. State*, 645 P.2d 1163, 1168 (Wyo.1982) (citations omitted).

[¶ 11] In this case it is apparent that the Quinn Trusts did not seek any type of administrative relief. The only action the Quinn Trusts took prior to filing suit was to write two letters, one to SRW and one to the county attorney. The Quinn Trusts took no

action to seek relief with the body that has the duty of administering the zoning resolution, the board of county commissioners. As a result, that body never had an opportunity to address the matter. The Quinn Trusts seem to argue that they should be excused from this requirement because the zoning resolution does not specifically give them a mechanism to get in front of the zoning board, i.e. there is not a specific form for them to use to ask the zoning authority to enforce the zoning resolution.

[¶ 12] A somewhat similar argument was made and rejected in *State ex rel. Baker v. Strange*, 960 P.2d 1016 (Wyo.1998). In that case, the Bakers were landowners across the alley from Bob Lewis. Strange, the building inspector, issued Lewis a building permit to construct a building on his lot. After the structure was framed, the Bakers concluded that the structure violated sections of the applicable zoning ordinance. The Bakers then wrote a letter to Strange asking that he enforce the ordinance. Strange did not respond to the request, and the Bakers filed for a writ of mandamus seeking that Strange be required to enforce the zoning ordinance. The district court dismissed the action because the Bakers did not pursue administrative remedies. *Baker*, at 1017. In affirming the district court's order of dismissal we noted, at 1019, "[t]he pertinent feature in this case is that, like the petitioner in *State ex rel. Epp [v. Mayor*, 894 P.2d 590 (Wyo.1995)], the Bakers made no effort to pursue an available administrative remedy."

[¶ 13] The Quinn Trusts have similarly demonstrated no effort to seek administrative relief. It is clear that the Quinn Trusts never tried to get in front of the zoning administrator and have entirely avoided the administrative process. They did not even do as the Bakers did and write a letter to the zoning authority. Instead, they sought to enforce the zoning resolution on their own through this declaratory judgment action. At this point, it is unknown whether the Quinn Trusts would have been denied relief

---

Any person interested under a deed, will, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by the Wyoming constitution or by a statute, municipal ordi-

nance, contract or franchise, may have any question of construction or validity arising under the instrument determined and obtain a declaration of rights, status or other legal relations:

on the basis that they did not use one of the zoning administrator's forms because the Quinn Trusts made no effort to get in front of the zoning administrator.

[¶ 14] Furthermore, while there may not have been a specific form for the Quinn Trusts to use, they still could have pursued administrative relief. The Quinn Trusts could have requested that the zoning administrator enforce the resolution and, if he denied their request, proceeded administratively. Specifically, the zoning resolution provides that the zoning administrator has the duty to enforce the zoning resolution.[3] Thus, as provided, the zoning administrator is a lower level adjudicator who reviews whatever is brought before him and makes a final decision. If the zoning administrator rules against a party, then that party becomes an aggrieved person and can appeal to the county planning and zoning commission.[4] Decisions from this commission can be appealed to the board of county commissioners. Following this procedure, if the Quinn Trusts do not agree with the lack of enforcement of the zoning resolution, their remedy is not against SRW and Brenco, but against the board of county commissioners, the administrative body responsible for administering this zoning resolution.

[¶ 15] In response to the argument that they are precluded by their failure to seek administrative relief, the Quinn Trusts argue that this case presents circumstances similar to *Director of Office of State Lands & Invs. v. Merbanco, Inc.*, 2003 WY 73, 70 P.3d 241 (Wyo.2003) and thus, under the holding of that case, they were not required to exhaust administrative remedies. In *Merbanco* we considered the question of standing and justiciability regarding a declaratory judgment action that had been filed seeking a declaration that the Wyoming constitution prohibited an exchange of state school lands without public auction. *Id.*, ¶¶ 7–24. In finding that the parties had standing to bring the action without exhausting administrative remedies we reasoned:

> The state's argument that we must let the board's process with regard to the Teton Village school section run its course is counter to the entire thrust of the declaratory judgments statute which was designed to enable parties to obtain judicial determinations prior to an injury rather than requiring them to wait until the damage is done. The board itself possesses no power to resolve questions of constitutionality. *Riedel v. Anderson (Conflicting Lease Applications[Application] for Wyoming Agricultural Lease No. 1–7021 [1–7027])*, 972 P.2d 586, 587 (Wyo.1999). We have rejected the argument that, in the context of administrative agency action, parties must exhaust their administrative remedies before challenging the authority of the agency to act. *Rocky Mountain Oil and Gas Association v. State*, 645 P.2d 1163 (Wyo.1982). If the relief requested 'concerns the constitutionality or interpretation of a statute upon which the administrative action is, or is to be, based, the

3. The Sheridan county zoning resolution at § 25 provides in relevant part:

   A. Zoning Administrator. It shall be the duty of the Zoning Administrator, which shall be appointed by the Board of County Commissioners, to enforce the provisions of this resolution and to refuse to issue any zoning compliance certificate for any building or structure which would violate any of the provisions hereof. The Zoning Administrator is hereby authorized to prosecute or bring any proceedings in a proper court in the name of the County of Sheridan against any person, firm or corporation violating any of the provisions of this resolution, and in case any building or structure is erected, constructed, reconstructed, altered or converted; or any building, structure or land is used in violation of this resolution, said Zoning Administrator is hereby authorized and directed to institute any appropriate action

   or proceeding to prevent such unlawful erection, construction, alteration, conversion or use; to restrain, correct or abate such violation and to prevent any illegal conduct or use on or about the premises.

4. Section 26 of the zoning resolution regarding appeals and variances provides in relevant part:

   Procedure. Appeals concerning interpretation on administration of this resolution may be taken to the County Planning Commission within 60 days by any person aggrieved by a decision of the Zoning Administrator.

   Decisions of the Zoning Administrator and the County Planning Commission can be appealed to the Board of County Commissioners for confirmation, amendment, or reversal upon written request given within sixty (60) days by any person aggrieved by the decision.

[declaratory judgment] action should be entertained.' *Id.* at 1168.

*Merbanco,* ¶ 11.

■ [¶ 16] The Quinn Trusts latch onto our statement that, "we have rejected the argument that, in the context of administrative agency action, parties must exhaust their administrative remedies before challenging the authority of the agency to act. *Rocky Mountain Oil and Gas Association v. State,* 645 P.2d 1163 (Wyo.1982)." *Merbanco,* ¶ 11. However, as can be seen when considering the full quote above, rather than just that sentence in isolation, relief from the exhaustion requirement is granted if the action "concerns the constitutionality or interpretation of a statute upon which the administrative action is, or is to be, based." *Merbanco,* ¶ 11. It is clear that, placed in its context, this passage simply reiterates our long-recognized rule that "[a]n action for declaratory judgment cannot be a substitute for an appeal from administrative decisions but is available even though there is a statutory method of appeal *if* it concerns the validity and construction of agency regulations, or *if* it concerns the constitutionality or interpretation of a statute upon which the administrative action is, or is to be, based." *Hirschfield,* 944 P.2d at 1142 (emphasis added); *see also Ten Broek v. County of Washakie,* 2003 WY 164, ¶ 8, 82 P.3d 269, ¶ 8 (Wyo.2003); *Snake River Brewing Co., Inc. v. Town of Jackson,* 2002 WY 11, ¶ 6, 39 P.3d 397, ¶ 6 (Wyo.2002) ("The Act is an appropriate vehicle, not for prejudging issues that should be decided by an administrative agency, but for interpreting the statute or ordinance upon which the administrative action is based."). In fact, a review of *Rocky Mountain Oil and Gas Ass'n,* shows that the full explanation of the rule referred to in *Merbanco* reads:

> Accordingly, where the relief desired is in the nature of a substitution of judicial decision for that of the agency on issues pertaining to the administration of the subject matter for which the agency was created, the action should not be entertained. If, however, such desired relief concerns the validity and construction of agency regulations, or if it concerns the constitutionality or interpretation of a statute upon

which the administrative action is, or is to be, based, the action should be entertained. *Rocky Mountain Oil and Gas Ass'n,* at 1168.

[¶ 17] In *Merbanco* the parties were seeking a determination regarding the constitutionality of an agency action, and we thus found the action could be entertained. *Merbanco,* ¶ 11. It is also worth noting that the action in both *Rocky Mountain Oil and Gas Ass'n* and *Merbanco* was brought directly against the agency, providing the agency the opportunity to consider and defend its position. Similar circumstances are not presented by this case. The declaration that the Quinn Trusts primarily seek is "whether the exploration and production of coalbed methane gas requires a conditional use permit under the zoning resolution." It is evident from the Quinn Trusts' arguments that this declaration requires neither the construction of the validity of the ordinance, a statutory interpretation, or a constitutional resolution. Instead, the Quinn Trusts are simply asking the court to decide whether a conditional use permit is required in this situation. This is precisely the type of question that should first be entertained by the agency.

[¶ 18] In addition, the Quinn Trusts have tried to create some statutory construction issues claiming that the resolution presents uncertainty. The uncertainty that the Quinn Trusts set forth relates to the definition of the word "landowner" and the definition of the word "facility." The board of county commissioners and its lower level adjudicators have the expertise and are best situated to supply those definitions within the meaning of the zoning resolution. As it sits now, we have no idea how the agency interprets these words. It is possible that the agency considers a road a "facility" and would require a conditional use permit in these circumstances, and it is just as possible that they do not consider a road a "facility" and would not require a conditional use permit. As such, a court determination of whether a conditional use permit is required in these circumstances would bypass an appropriate administrative ruling resulting in the prejudging of issues that should be decided in the first instance by an administrative body. *See Rocky Mountain Oil and Gas Ass'n,* at

1168. If we are to review the matter at all, it should be after those issues are fully heard, briefed, presented, and decided at the administrative level.

 [¶ 19] We, therefore, hold that the district court properly granted the motion to dismiss. This holding is consistent with our long-standing reasoning behind requiring the exhaustion of administrative remedies.

The reasons for applying the exhaustion doctrine have been well noted:

A primary purpose is, of course, the avoidance of premature interruption ·of the administrative process. The agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise. And of course it is generally more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages. The very same reasons lie behind judicial rules sharply limiting interlocutory appeals.

*Rissler & McMurry Co. v. State*, 917 P.2d 1157, 1160–61 (Wyo.1996) (quoting *Glover v. State*, 860 P.2d 1169, 1172 (Wyo.1993)).

[¶ 20] Lastly, the parties present argument considering whether the zoning resolution imposes a reasonable regulation on the mining activities and whether it violates Wyo. Stat. Ann. § 18–5–201 (LexisNexis 2003) and our holding in *River Springs Ltd. Liability Co. v. Board of County Comm'rs*, 899 P.2d 1329 (Wyo.1995). We will not address this argument at this time. Once again, this is clearly an argument that should be presented to and involve the board of county commissioners. We have no idea how the board would enforce the resolution in this area. It is possible that the commission would enforce the resolution in a manner that no such question will exist. We simply do not know

because the agency was never given the opportunity to decide the issue in the context of the Quinn Trusts' complaint. Accordingly, we hold that this administrative process is required before we can entertain such argument.

### CONCLUSION

[¶ 21] For the above-stated reasons, we affirm the district court's order dismissing the complaint for failure to state a claim upon which relief can be granted.