2002 WY 73

**KAYCEE LAND AND LIVESTOCK, a Wyoming partnership, Appellant (Plaintiff),**

v.

**Roger FLAHIVE, Appellee (Defendant).**

No. 00–328.

Supreme Court of Wyoming.

May 15, 2002.

Rick L. Koehmstedt of Schwartz, Bon, Walker & Studer, Casper, Wyoming, Representing Appellant.

B.J. Baker of Brown, Drew & Massey, LLP, Casper, Wyoming, Representing Appellee.

Before LEHMAN, C.J., and GOLDEN, HILL, KITE, and VOIGT, JJ.

KITE, Justice.

[¶ 1] This matter comes before this court as a question certified to us by the district court for resolution under W.R.A.P. 11. The certified question seeks resolution of whether, in the absence of fraud, the entity veil of a limited liability company (LLC) can be pierced in the same manner as that of a corporation. We answer the certified question in the affirmative.

## CERTIFIED QUESTION

[¶ 2] The question we have agreed to answer is phrased as follows:

In the absence of fraud, is a claim to pierce the Limited Liability entity veil or disregard the Limited Liability Company entity in the same manner as a court would pierce a corporate veil or disregard a corporate shield, an available remedy against a Wyoming Limited Liability Company under Wyoming's Limited Liability Company Act, Wyo. Stat. § [§ ] 17–15–101 through 17–15–144 (2000)[?]

## FACTS

[¶ 3] In a W.R.A.P. 11 certification of a question of law, we rely entirely upon the factual determinations made in the trial court. *Allhusen v. State By and Through Wyoming Mental Health Professions Licensing Board,* 898 P.2d 878, 881 (Wyo.1995). The district court submitted the following statement of facts in its order certifying the question of law:

1. Flahive Oil & Gas is a Wyoming Limited Liability Company with no assets at this time.

2. [Kaycee Land and Livestock] entered into a contract with Flahive Oil & Gas LLC allowing Flahive Oil & Gas to use the surface of its real property.

3. Roger Flahive is and was the managing member of Flahive Oil & Gas at all relevant times.

4. [Kaycee Land and Livestock] alleges that Flahive Oil & Gas caused environmental contamination to its real property located in Johnson County, Wyoming.

5. [Kaycee Land and Livestock] seeks to pierce the LLC veil and disregard the L[L]C entity of Flahive Oil & Gas Limited Liability Company and hold Roger Flahive individually liable for the contamination.

6. There is no allegation of fraud.

## DISCUSSION

[¶ 4] The question presented is limited to whether, in the absence of fraud, the remedy of piercing the veil is available against a company formed under the Wyo-

ming Limited Liability Company Act (Wyo. Stat. Ann. §§ 17–15–101 to –144 (LexisNexis 2001)). To answer this question, we must first examine the development of the doctrine within Wyoming's corporate context. As a general rule, a corporation is a separate entity distinct from the individuals comprising it. *Opal Mercantile v. Tamblyn*, 616 P.2d 776, 778 (Wyo.1980). Wyoming statutes governing corporations do not address the circumstances under which the veil can be pierced. However, since 1932, this court has espoused the concept that a corporation's legal entity will be disregarded whenever the recognition thereof in a particular case will lead to injustice. *See Caldwell v. Roach*, 44 Wyo. 319, 12 P.2d 376, 380 (1932). In *Miles v. CEC Homes, Inc.*, 753 P.2d 1021, 1023 (Wyo.1988) (quoting *Amfac Mechanical Supply Co. v. Federer*, 645 P.2d 73, 77 (Wyo.1982)), this court summarized the circumstances under which the corporate veil would be pierced pursuant to Wyoming law:

> " 'Before a corporation's acts and obligations can be legally recognized as those of a particular person, and vice versa, it must be made to appear that the corporation is not only influenced and governed by that person, but that there is such a unity of interest and ownership that the individuality, or separateness, of such person and corporation has ceased, and that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice.' Quoting *Arnold v. Browne*, 27 Cal.App.3d 386, 103 Cal.Rptr. 775 (1972) (overruled on other grounds)."

We provided the following factors to be considered in determining whether a corporate entity may be disregarded:

> " 'Among the possible factors pertinent to the trial court's determination are: commingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses; the treatment by an individual of the assets of the corporation as his own; the failure to obtain authority to issue or subscribe to stock; the holding out by an individual that he is personally liable for

the debts of the corporation; the failure to maintain minutes or adequate corporate records and the confusion of the records of the separate entities; the identical equitable ownership in the two entities; the identification of the equitable owners thereof with the domination and control of the two entities; identification of the directors and officers of the two entities in the responsible supervision and management; the failure to adequately capitalize a corporation; the absence of corporate assets, and undercapitalization; the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation; the concealment and misrepresentation of the identity of the responsible ownership, management and financial interest or concealment of personal business activities; the disregard of legal formalities and the failure to maintain arm's length relationships among related entities; the use of the corporate entity to procure labor, services or merchandise for another person or entity; the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another; the contracting with another with intent to avoid performance by use of a corporation as a subterfuge of illegal transactions; and the formation and use of a corporation to transfer to it the existing liability of another person or entity [citation].' " 645 P.2d at 77–78 (quoting *Arnold v. Browne, supra*, 103 Cal.Rptr. at 781–82).

*Miles*, 753 P.2d at 1023–24.

[¶ 5] Wyoming courts, as well as courts across the country, have typically utilized a fact driven inquiry to determine whether circumstances justify a decision to pierce a corporate veil. *Opal Mercantile*, 616 P.2d at 778. This case comes to us as a certified question in the abstract with little factual context, and we are asked to broadly pronounce that there are no circumstances under which this court will look through a failed attempt to create a separate LLC entity and prevent injustice. We simply cannot reach

that conclusion and believe it is improvident for this court to prohibit this remedy from applying to any unforeseen circumstance that may exist in the future.

[¶ 6] We have long recognized that piercing the corporate veil is an equitable doctrine. *State ex rel. Christensen v. Nugget Coal Co.*, 60 Wyo. 51, 144 P.2d 944, 952 (1944). The concept of piercing the corporate veil is a judicially created remedy for situations where corporations have not been operated as separate entities as contemplated by statute and, therefore, are not entitled to be treated as such. The determination of whether the doctrine applies centers on whether there is an element of injustice, fundamental unfairness, or inequity. The concept developed through common law and is absent from the statutes governing corporate organization. *See* Wyo. Stat. Ann. §§ 17–16–101 to –1803 (LexisNexis 2001). Appellee Roger Flahive suggests that, by the adoption of § 17–16–622(b)—a provision from the revised Model Business Corporation Act—the Wyoming legislature intended to explicitly authorize piercing in the corporate context and, by inference, prevent its application in the LLC context. A careful review of the statutory language and legislative history leads to a different conclusion. Section 17–16–622(b) reads: "Unless otherwise provided in the articles of incorporation, a shareholder of a corporation is not personally liable for the acts or debts of the corporation except that he may become personally liable by reason of his own acts or conduct." Mr. Flahive contrasts that language with the LLC statute which simply states the underlying principle of limited liability for individual members and managers. Wyo. Stat. Ann. § 17–15–113 (LexisNexis 2001). Section 17–15–113 provides:

> Neither the members of a limited liability company nor the managers of a limited liability company managed by a manager or managers are liable under a judgment, decree or order of a court, or in any other manner, for a debt, obligation or liability of the limited liability company.

However, we agree with Commentator Gelb that: "It is difficult to read statutory § 17–15–113 as intended to preclude courts from deciding to disregard the veil of an improperly used LLC." Harvey Gelb, *Liabilities of Members and Managers of Wyoming Limited Liability Companies*, 31 Land & Water L.Rev. 133 at 142 (1996).

[¶ 7] Section 17–16–622—the statute relied upon by Mr. Flahive as indicating legislative intent to allow piercing of the corporate veil—when considered in the context of its legislative history, provides no support for the conclusion that the legislature intended in any way to limit application of the common-law doctrine to LLCs. As previously explained, § 17–16–622 was adopted from the revised Model Business Corporation Act, and the comments therein clarify that subsection (b) "sets forth the basic rule of nonliability of shareholders for corporate acts or debts that underlies modern corporation law" and "recognizes that such liability may be assumed voluntarily or by other conduct." 1 Model Bus. Corp. Act Ann. § 6.22 at 6–94 to 6–95 (Supp.1997). This provision was added in 1984 and was not intended to "treat exhaustively the statutory bases for imposing liability on shareholders." *Id.* at 6–96, 144 P.2d 944. The official comments in the revised Model Business Corporation Act specifically recognize the separate existence of the common law by stating: "Shareholders may also become liable for corporate obligations by their voluntary actions or by other conduct under the common law doctrine of 'piercing the corporate veil.'" *Id.*

[¶ 8] We note that Wyoming was the first state to enact LLC statutes. Many years passed before the Internal Revenue Service's approval of taxation of LLCs as partnerships led to other states adopting LLC legislation and the broad usage of this form for business organizations. William D. Bagley, *The History of the LLC in the USA*, Limited Liability Company Reporter 94–302 (May/June 1994); *see also* Karin Schwindt, *Limited Liability Companies: Issues in Member Liability*, 44 UCLA L.Rev. 1541, 1543 (1997). Wyoming's statute is very short and establishes only minimal requirements for creating and operating LLCs. It seems highly unlikely that the Wyoming legislature gave any consideration to whether the common-law doctrine of piercing the veil should apply to the

liability limitation granted by that fledgling statute. It is true that some other states have adopted specific legislation extending the doctrine to LLCs while Wyoming has not. However, that situation seems more attributable to the fact that Wyoming was a pioneer in the LLC arena and states which adopted LLC statutes much later had the benefit of years of practical experience during which this issue was likely raised.

[¶ 9] Mr. Flahive insists that, if the legislature intended for liability to be asserted against the members of an LLC, it could have added similar language to the LLC chapter at the same time it adopted provisions of the revised Model Business Corporation Act. However, adoption of those amendments in 1989, twelve years after the enactment of the LLC statutes, while remaining silent on the issue of piercing the veil in the LLC statutes, is far too attenuated to indicate a clear legislative intent to restrict application of the common law to LLCs. It stands to reason that, because it is an equitable doctrine, "[t]he paucity of statutory authority for LCC piercing should not be considered a barrier to its application." Schwindt, *supra* at 1552. Lack of explicit statutory language should not be considered an indication of the legislature's desire to make LLC members impermeable. *Id.* at 1555, 144 P.2d 944; Robert B. Thompson, *The Limits of Liability in the New Limited Liability Entities*, 32 Wake Forest L.Rev. 1, 19 (1997). Moreover,

> " 'It is not to be presumed that the legislature intended to abrogate or modify a rule of the common law by the enactment of a statute upon the same subject; it is rather to be presumed that no change in the common law was intended unless the language employed clearly indicates such an intention.... The rules of common law are not to be changed by doubtful implication, nor overturned except by clear and unambiguous language.' " *McKinney v. McKinney*, [59 Wyo. 204,] 135 P.2d [940,] 942 [ (1943) ], quoting from 25 R.C.L. 1054, § 280.

*Allstate Insurance Company v. Wyoming Insurance Department*, 672 P.2d 810, 824 (Wyo.1983).

[¶ 10] With the dearth of legislative consideration on this issue in Wyoming, we are left to determine whether applying the well established common law to LLCs somehow runs counter to what the legislature would have intended had it considered the issue. In that regard, it is instructive that: "Every state that has enacted LLC piercing legislation has chosen to follow corporate law standards and not develop a separate LLC standard." Philip P. Whynott, The Limited Liability Company § 11:140 at 11–5 (3d ed.1999). Statutes which create corporations and LLCs have the same basic purpose—to limit the liability of individual investors with a corresponding benefit to economic development. Eric Fox, *Piercing the Veil of Limited Liability Companies*, 62 Geo. Wash. L.Rev. 1143, 1145–46 (1994). Statutes created the legal fiction of the corporation being a completely separate entity which could act independently from individual persons. If the corporation were created and operated in conformance with the statutory requirements, the law would treat it as a separate entity and shelter the individual shareholders from any liability caused by corporate action, thereby encouraging investment. However, courts throughout the country have consistently recognized certain unjust circumstances can arise if immunity from liability shelters those who have failed to operate a corporation as a separate entity. Consequently, when corporations fail to follow the statutorily mandated formalities, co-mingle funds, or ignore the restrictions in their articles of incorporation regarding separate treatment of corporate property, the courts deem it appropriate to disregard the separate identity and do not permit shareholders to be sheltered from liability to third parties for damages caused by the corporations' acts.

[¶ 11] We can discern no reason, in either law or policy, to treat LLCs differently than we treat corporations. If the members and officers of an LLC fail to treat it as a separate entity as contemplated by statute, they should not enjoy immunity from individual liability for the LLC's acts that cause damage to third parties. Most, if not all, of the

expert LLC commentators have concluded the doctrine of piercing the veil should apply to LLCs. *See generally* Fox, *supra;* Gelb, *supra;* Robert G. Lang, Note, *Utah's Limited Liability Company Act: Viable Alternative or Trap for the Unwary?,* 1993 Utah L.Rev. 941, 966 (1993) (Part 2); Stephen B. Presser, Piercing the Corporate Veil § 4.01[2] (2002); Ann M. Seward & Laura Stubberud, *The Limits of Limited Liability-Part Two,* Limited Liability Company Reporter 94–109 (January/February 1994); Schwindt, *supra.* It also appears that most courts faced with a similar situation—LLC statutes which are silent and facts which suggest the LLC veil should be pierced—have had little trouble concluding the common law should be applied and the factors weighed accordingly. *See, e.g., Hollowell v. Orleans Regional Hospital,* No. Civ. A. 95–4029, 1998 WL 283298 (E.D.La. May 29, 1998); *Ditty v. CheckRite, Ltd., Inc.,* 973 F.Supp. 1320 (D.Utah 1997); *Tom Thumb Food Markets, Inc. v. TLH Properties, LLC,* No. C9–98–1277, 1999 WL 31168 (Minn.Ct. App. Jan.26, 1999).

[¶ 12] Certainly, the various factors which would justify piercing an LLC veil would not be identical to the corporate situation for the obvious reason that many of the organizational formalities applicable to corporations do not apply to LLCs. The LLC's operation is intended to be much more flexible than a corporation's. Factors relevant to determining when to pierce the corporate veil have developed over time in a multitude of cases. It would be inadvisable in this case, which lacks a complete factual context, to attempt to articulate all the possible factors to be applied to LLCs in Wyoming in the future. For guidance, we direct attention to commentators who have opined on the appropriate factors to be applied in the LLC context. Fox, *supra;* Gelb, *supra;* Curtis J. Braukmann, Comment, *Limited Liability Companies,* 39 U. Kan. L.Rev. 967 (1991); Presser, *supra;* Seward & Stubberud, *supra;* Larry E. Ribstein & Robert R. Keatinge, *Members' Limited Liability,* Limited Liability Companies § 12.03 (1999); Robert R. Keating et al., *The Limited Liability Company: A Study of the Emerging Entity,* 47 The Business Lawyer 375 (1992).

[¶ 13] The certified question presents an interesting internal inconsistency. It begins, "In the absence of fraud," thereby presenting the assumption that a court may pierce an LLC's veil in a case of fraud. Thus, the certified question assumes that, when fraud is found, the courts are able to disregard the LLC entity despite the statutory framework which supposedly precludes such a result. Either the courts continue to possess the equitable power to take such action or they do not. Certainly, nothing in the statutes suggests the legislature gave such careful consideration and delineated the specific circumstances under which the courts can act in this arena. If the assumption is correct, individual LLC members can be held personally liable for damages to innocent third parties when the LLC has committed fraud. Yet, when the LLC has caused damage and has inadequate capitalization, co-mingled funds, diverted assets, or used the LLC as a mere shell, individual members are immune from liability. Legislative silence cannot be stretched to condone such an illogical result.

[¶ 14] In *Amfac Mechanical Supply Co.,* this court clarified that a showing of fraud or an intent to defraud is not necessary to disregard a corporate entity. 645 P.2d at 79. We clearly stated: "Fraud is, of course, a matter of concern in suits to disregard corporate fictions, but it is not a prerequisite to such a result." *Id.* Other courts have echoed this view: "Liability on the basis of fraud, however, does not encompass the entire spectrum of cases in which the veil was pierced in the interest of equity." Fox, *supra* at 1169. Thus, even absent fraud, courts have the power to impose liability on corporate shareholders. *Id.* at 1170. This same logic should naturally be extended to the LLC context. We have made clear that: "Each case involving the disregard of the separate entity doctrine must be governed by the special facts of that case." *Opal Mercantile,* 616 P.2d at 778. Determinations of fact are within the trier of fact's province. *Id.* The district court must complete a fact intensive inquiry and exercise its equitable powers to determine whether piercing the veil is appropriate under the circumstances presented in this case.

## CONCLUSION

[¶ 15]   No reason exists in law or equity for treating an LLC differently than a corporation is treated when considering whether to disregard the legal entity.   We conclude the equitable remedy of piercing the veil is an available remedy under the Wyoming Limited Liability Company Act.