# IN THE SUPREME COURT, STATE OF WYOMING

## 2013 WY 31

### OCTOBER TERM, A.D. 2012

### March 14, 2013

RIDGERUNNER, LLC, a Wyoming
Limited Liability Company; and SARAH
A. CARRELLI and CYNTHIA D.
PORTER, Individually,

Appellants
(Plaintiffs),

v.

S-12-0118

RICHARD MEISINGER and
MEISINGER INVESTMENTS, INC.,

Appellees
(Defendants).

*Appeal from the District Court of Fremont County*
*The Honorable Norman E. Young, Judge*

*Representing Appellants:*
Sky D Phifer, Phifer Law Office, Lander, Wyoming.

*Representing Appellees:*
Collin C. Hopkins and Cynthia Van Vleet of Hopkins & Van Vleet, LLC, Riverton, Wyoming. Argument by Mr. Hopkins.

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.

**VOIGT, Justice.**

[¶1]    The appellants, Ridgerunner, LLC, Sarah A. Carrelli, and Cynthia D. Porter, appeal the district court's decision to dismiss on summary judgment their claims for breach of contract and breach of the covenant of good faith against the appellees, Meisinger Investments, Inc. and Richard Meisinger.  The appellants claim that the district court improperly converted the appellees' motion to dismiss the complaint to a motion for summary judgment and, therefore, the case must be reversed.  After consideration, we find that the district court did not properly convert the appellees' motion to dismiss to a motion for summary judgment, and that the appellants' complaint is sufficient to survive the appellees' motion to dismiss.

## ISSUE

[¶2]    Did the district court properly dismiss the appellants' complaint for breach of contract and breach of the covenant of good faith brought against the appellees?

## FACTS

[¶3]    On July 15, 2005, appellants Sarah A. Carrelli and Cynthia D. Porter, through their company, Ridgerunner, LLC, purchased Mom's Malt Shop from appellee Meisinger Investments, Inc.  Approximately six years after the transaction, the appellants filed a complaint against Meisinger Investments, Inc. and one of its owners, Richard Meisinger, for breach of contract and breach of the covenant of good faith.  The appellants alleged that the appellees misrepresented the inventory of the equipment of Mom's Malt Shop, that much of the food included in the sale was outdated or spoiled, and that appellee Richard Meisinger and Meisinger Investments, Inc.'s other owner, Kevin Meisinger, had been telling customers that the appellants were serving bad food and that the appellees were attempting to reclaim the business.  The appellants also alluded to the fact that Kevin Meisinger vandalized the business on several occasions.

[¶4]    In response to the complaint, the appellees filed a motion to dismiss the complaint. They asserted that the complaint failed to state a claim upon which relief can be granted because all of the allegations of wrongdoing were directed toward Kevin Meisinger. Kevin Meisinger, however, was not a named defendant in the complaint because he is deceased.  The appellees pointed out that the sale of Mom's Malt Shop was between the appellants and Meisinger Investments, Inc., and that the appellants had not made any allegations that would justify piercing the corporate veil to hold Richard Meisinger personally responsible for the actions of the corporation.  In response to the appellees' motion to dismiss, the appellants argued that Kevin Meisinger, Richard Meisinger, and Meisinger Investments, Inc. were all acting as agents of one another when the contract to sell Mom's Malt Shop was finalized, and that the appellants could not make any allegations regarding piercing the corporate veil until discovery had taken place.

1

[¶5]    After a hearing, the district court dismissed the appellants' complaint. Although the order was titled "Order Granting [Appellees'] Motion to Dismiss," the district court explained in the body of the order that it was converting the motion to dismiss to a motion for summary judgment, pursuant to W.R.C.P. 12(c) and 56, because the district court considered evidence outside of the pleadings when rendering its decision. The district court found that the contract for the sale of Mom's Malt Shop was between the appellants and Meisinger Investments, Inc. Kevin Meisinger and Richard Meisinger were the only shareholders, officers, and directors of the corporation. Meisinger Investments, Inc. was dissolved and the business wound up in 2008, and Kevin Meisinger is now deceased. Thus, the district court found that Richard Meisinger was the only party on which the appellants could attempt to impose liability under the contract, but only if Richard Meisinger could be held personally liable for the acts and obligations of Meisinger Investments, Inc. The district court concluded that the appellants provided nothing more than "mere allegations or denials" in their pleadings, which was insufficient to survive a motion for summary judgment, and thereby dismissed the complaint. The appellants now appeal that order.

**STANDARD OF REVIEW**

[¶6]    This case is somewhat unique from many cases before this Court in that much of the central issue must be resolved before we can determine what the appropriate standard of review for the ultimate issue actually is. The appellees filed, and the appellants responded to, a motion to dismiss. However, the district court converted it to a motion for summary judgment. On appeal, the appellants claim that the district court improperly converted the motion to one for summary judgment. Whether the district court's conversion was proper is fundamental to our standard of review. If the conversion was proper, we will review whether summary judgment was granted appropriately. If the requirements for a proper conversion were not accomplished, we must review whether the dismissal was appropriate pursuant to a motion to dismiss standard. *Torrey v. Twiford*, 713 P.2d 1160, 1162, 1164 (Wyo. 1986).

[¶7]    Rule 12(b)(6) of the Wyoming Rules of Civil Procedure states that a party may file a motion to dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted[.]" W.R.C.P. 12(b)(6). The rule goes on to state:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

W.R.C.P. 12(b). We have explained that if the matters outside of the pleadings considered are affidavits attached to the motion to dismiss, conversion occurs automatically. *Cranston v. Weston Cnty. Weed & Pest Bd.*, 826 P.2d 251, 254 (Wyo. 1992). However, if materials other than affidavits are considered, "such as discovery documents, conversion does not occur automatically. The court may still treat the motion as one for summary judgment, but the record must demonstrate that the parties had notice of the conversion and that the nonmovant had an opportunity to respond." *Id*. At a minimum, the nonmoving party must have ten days to respond to the converted motion for summary judgment. *Shriners Hosp. for Crippled Children, Inc. v. First Sec. Bank of Utah, N.A.*, 835 P.2d 350, 356 (Wyo. 1992).

[¶8]   Here, the appellees filed a motion to dismiss, and it did not include any attachments or affidavits. The appellants then responded to the motion, which also did not include any attachments or affidavits. The record does not show that either party filed any supplemental pleadings that contained attachments or affidavits in regard to the motion or response. Therefore, the record does not support a conclusion that the motion should have been converted automatically. This means, that in order for a conversion to properly have taken place,

> the record must adequately demonstrate that all counsel were aware of the intentions of the district judge to treat the motion as converted, together with a reasonable opportunity afforded to the non-moving party to present, by way of affidavit or otherwise, anything necessary to rebut the contention of the moving party.

*Torrey*, 713 P.2d at 1163 (quoting *Kimbley v. City of Green River*, 642 P.2d 443, 445 (Wyo. 1982)).

[¶9]   The record does not show that counsel for either of the parties was given any advance notice that the district court planned to convert the motion to dismiss to one for summary judgment. In fact, the first time the conversion is ever mentioned in the record is in the district court's order dismissing the appellants' complaint. Further, we cannot tell what the parties may have known or been told at the time of the motion hearing, or what evidence outside of the pleadings the district court considered, because the hearing was not reported. Therefore, we cannot say that the requirements of converting the motion to dismiss to a motion for summary judgment were met. Consequently, we will review "this case as [an] order[] to dismiss rather than as [a] converted order[] for summary judgment." *Cranston*, 826 P.2d at 254.

[¶10]  We review a district court's decision to grant a motion to dismiss *de novo*. *Swinney v. Jones*, 2008 WY 150, ¶ 6, 199 P.3d 512, 515 (Wyo. 2008). Further:

> When claims are dismissed under W.R.C.P. 12(b)(6), this court accepts the facts stated in the complaint as true and views them in the light most favorable to the plaintiff. Such a dismissal will be sustained only when it is certain from the face of the complaint that the plaintiff cannot assert any facts that would entitle him to relief. *Story v. State*, 2001 WY 3, ¶ 19, 15 P.3d 1066, ¶ 19 (Wyo. 2001). Dismissal is a drastic remedy and is sparingly granted; nevertheless, we will sustain a W.R.C.P. 12(b)(6) dismissal when it is certain from the face of the complaint that the plaintiff cannot assert any set of facts that would entitle that plaintiff to relief. *Robinson v. Pacificorp*, 10 P.3d 1133, 1135-36 (Wyo. 2000).

*Bonnie M. Quinn Revocable Trust v. SRW, Inc.*, 2004 WY 65, ¶ 8, 91 P.3d 146, 148 (Wyo. 2004) (quoting *Manion v. Chase Manhattan Mortg. Corp.*, 2002 WY 49, ¶ 6, 43 P.3d 576, 577 (Wyo. 2002)).

## DISCUSSION

[¶11]  The appellees filed a motion to dismiss based upon the contention that the complaint did not make any allegations that Richard Meisinger engaged in wrongdoing outside his capacity as an owner of Meisinger Investments, Inc., and further that the appellants did not make any allegations as to why the district court should pierce Meisinger Investments, Inc.'s corporate veil in order to hold Richard Meisinger personally liable. The district court agreed and dismissed the appellants' complaint, albeit pursuant to W.R.C.P. 56 and not W.R.C.P. 12(b)(6). After a thorough review of the complaint, and considering the allegations in a light most favorable to the appellants, we find that the appellants have failed to assert any facts that even allege that piercing the corporate veil to hold Richard Meisinger personally liable would be justified. However, we also find that the district court erred when it dismissed the entire complaint after stating that Meisinger Investments, Inc. could not be held liable because it was dissolved.

[¶12]  We will begin our analysis with the appellants' failure to plead any facts that would support a piercing of the corporate veil. Rule 8(a)(2) of the Wyoming Rules of Civil Procedure states that "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain . . . 2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" W.R.C.P. 8(a)(2). This rule is based upon the theory of notice pleading and only requires that a plaintiff "plead the operative facts involved in the litigation so as to give fair notice of the claim to the defendant." *Johnson v. Aetna Cas. & Sur. Co. of Hartford, Conn.*, 608 P.2d 1299, 1302 (Wyo. 1980). Further, "pleadings must be liberally construed in order to do justice to the parties and motions to dismiss must be sparingly granted." *Id.*

4

[¶13] In their complaint, the appellants named Meisinger Investments, Inc. and Richard Meisinger as defendants in their claims for breach of contract and breach of the covenant of good faith. The contract for the sale of Mom's Malt Shop was attached to the complaint, and shows that all agreements regarding the sale were between appellants Sarah A. Carrelli and Cynthia D. Porter and Meisinger Investments, Inc. Further, the appellants state in their complaint that "at all times herein Kevin Meisinger and Richard Meisinger were acting as agents of each other and *as agents and officers of Meisinger Investments, Inc.*" (Emphasis added.)

[¶14] These points are important because, generally, "a corporation is a separate entity distinct from the individuals comprising it." *Kaycee Land & Livestock v. Flahive*, 2002 WY 73, ¶ 4, 46 P.3d 323, 325 (Wyo. 2002). However, this Court has recognized "the concept that a corporation's legal entity will be disregarded whenever the recognition thereof in a particular case will lead to injustice." *Id.*

> "'Before a corporation's acts and obligations can be legally recognized as those of a particular person, and vice versa, it must be made to appear that the corporation is not only influenced and governed by that person, but that there is such a unity of interest and ownership that the individuality, or separateness, of such person and corporation has ceased, and that the facts are such that an adherence to the fiction of the separate existence of the corporation would, under the particular circumstances, sanction a fraud or promote injustice.' Quoting *Arnold v. Browne*, 27 Cal.App.3d 386, 103 Cal.Rptr. 775 (1972) (*overruled on other grounds* [*by Reynolds Metals Co. v. Alperson*, 25 Cal.3d 124, 129, 158 Cal.Rptr. 1, 3, 599 P.2d 83, 86 (1979)])."

*Id.* Thus, this Court has long recognized that disregarding the corporate entity, or piercing the corporate veil, is a judicially created equitable doctrine used in situations where "corporations have not been operated as separate entities as contemplated by statute and, therefore, are not entitled to be treated as such." *Id.* at ¶ 6, at 326. When considering whether to pierce the corporate veil, a court considers the following factors:

> "'Among the possible factors pertinent to the trial court's determination are: commingling of funds and other assets, failure to segregate funds of the separate entities, and the unauthorized diversion of corporate funds or assets to other than corporate uses; the treatment by an individual of the assets of the corporation as his own; the failure to obtain authority to issue or subscribe to stock; the holding out by an

5

individual that he is personally liable for the debts of the corporation; the failure to maintain minutes or adequate corporate records and the confusion of the records of the separate entities; the identical equitable ownership in the two entities; the identification of the equitable owners thereof with the domination and control of the two entities; identification of the directors and officers of the two entities in the responsible supervision and management; the failure to adequately capitalize a corporation; the absence of corporate assets, and undercapitalization; the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual or another corporation; the concealment and misrepresentation of the identity of the responsible ownership, management and financial interest or concealment of personal business activities; the disregard of legal formalities and the failure to maintain arm's length relationships among related entities; the use of the corporate entity to procure labor, services or merchandise for another person or entity; the diversion of assets from a corporation by or to a stockholder or other person or entity, to the detriment of creditors, or the manipulation of assets and liabilities between entities so as to concentrate the assets in one and the liabilities in another, the contracting with another with intent to avoid performance by use of a corporation as a subterfuge of illegal transactions; and the formation and use of a corporation to transfer to it the existing liability of another person or entity [citation].'" [*AMFAC Mech. Supply Co. v. Federer*,] 645 P.2d [73,] 77-78 [(Wyo. 1982)] (quoting *Arnold v. Browne, supra*, 103 Cal.Rptr. at 781-82).

*Id*. at ¶ 4, at 325 (quoting *Miles v. CEC Homes, Inc.*, 753 P.2d 1021, 1023-24 (Wyo. 1988)).

[¶15] Here, because the claims raised by the appellants stemmed from a contract that was entered into with only Meisinger Investments, Inc., the appellants have to pierce the corporate veil in order to impose individual liability upon Richard Meisinger. While piercing the corporate veil is a "doctrine wherein liability for an underlying [cause of action] may be imposed upon a particular individual," *Dombroski v. WellPoint, Inc.*, 879 N.E.2d 225, 231 (Ohio Ct. App. 2007), *rev'd on other grounds by* 895 N.E.2d 538 (Ohio 2008) (quoting *Geier v. Nat'l GG Indust.*, 1999 WL 1313460 (Ohio App. 11 Dist.)), and not a separate cause of action, the complaint must still "contain sufficient information to indicate a desire to proceed under the doctrine of piercing the corporate veil." *Dombroski*, 879 N.E.2d at 231, *rev'd on other grounds by* 895 N.E.2d 538.

[¶16]  The complaint, however, even when liberally construed, does not indicate a desire to pierce the corporate veil.  Although the appellants named Richard Meisinger as an individual defendant, the complaint does not contain any information or allegations, such as the factors the courts consider when determining whether it is proper to pierce the corporate veil, which would put the appellees on notice of that desired intent.  In fact, in their motion to dismiss the complaint, the appellees interpreted the complaint to be bringing a personal claim of slander against Richard Meisinger.  In response to the motion, the appellants clarified that there was not a claim of slander, only the breach of contract claim and the breach of the covenant of good faith claim, which stemmed from the original contract for the sale of the business.  Further, in their response to the motion, the appellants explained that they were unable to give information regarding the piercing of the corporate veil because discovery had not yet taken place.  While many factual details that would support piercing the corporate veil may be discovered throughout the process, it does not change the fact that the complaint must still contain sufficient information to put the opposing party on notice that the party bringing the action is going to attempt to pierce the veil.  This complaint simply fails in that respect.  Therefore, the district court's decision to dismiss the complaint against Richard Meisinger is affirmed.

[¶17]  We do not find however that the complaint should have been dismissed in its entirety.  In its order dismissing the complaint, the district court explained that Richard Meisinger was the only party who potentially could be liable in the lawsuit because Kevin Meisinger is dead and Meisinger Investments, Inc. was dissolved and the business had been wound up.  The pleadings and record in this case do not support the district court's conclusion that Meisinger Investments, Inc. could not be held liable simply because the corporation had been dissolved.

[¶18]  At common law, a dissolved corporation could not sue or be sued in its corporate name because the corporate entity no longer existed.  16A Carol A. Jones, *Fletcher Cyclopedia of the Law of Corporations* § 8142, at 299 (perm ed., rev. vol. 2012 and Cum. Supp. 2012-2013).  Most states have adopted statutes that reverse the common law rule and, instead, allow the commencement of proceedings by or against a corporation in its corporate name, even if the corporation is dissolved.  *Id*. at 302.  In Wyoming, Wyo. Stat. Ann. § 17-16-1405(b)(v) provides that "[d]issolution of a corporation does not: . . . (v) Prevent commencement of a proceeding by or against the corporation in its corporate name[.]"  Wyo. Stat. Ann. § 17-16-1405(b)(v) (LexisNexis 2011); *see also Catamount Constr. v. Timmis Enters.*, 2008 WY 122, ¶ 18, 193 P.3d 1153, 1158 (Wyo. 2008).  This applies whether the dissolution is done voluntarily or administratively.  *See* Wyo. Stat. Ann. §§ 17-16-1405, -1421(c) (LexisNexis 2011).

[¶19]  In order to allow dissolving corporate entities the ability to dispose of all potential claims that may exist against them, the legislature has adopted procedures in which a corporation can notify any potential claimants of its intent to dissolve.  The potential

claimants then have a certain amount of time to respond to the notice, otherwise the claims will become barred.[1]  *See* Wyo. Stat. Ann. §§ 17-16-1406, -1407 (LexisNexis 2011).  Further, after utilizing those procedures, the dissolved corporation may petition for a judicial determination of how much the corporation may owe in potential claims and may then provide security in the amount and form ordered by the court to satisfy the corporation's obligations.  In turn, this assures that claims against the corporation may not be enforced against shareholders who received corporate assets during the liquidation process.  Wyo. Stat. Ann. § 17-16-1408 (LexisNexis 2011).

[¶20]  If Meisinger Investments, Inc. had utilized these statutory procedures during the dissolution and winding up process, we would agree with the district court's conclusion that the corporation could no longer be named as a defendant in the complaint.  However, the pleadings do not reveal whether the corporation used the available  statutory processes, and we cannot assume that it did.  Consequently, we are left to conclude that Meisinger Investments, Inc., although a dissolved corporation, may still be a named defendant in a proceeding, in accordance with Wyo. Stat. Ann. § 17-16-1405(b)(v).  We find that the appellants have presented a claim in their complaint against Meisinger Investments, Inc. that can withstand the appellees' motion to dismiss.

## CONCLUSION

[¶21]  The district court  improperly  converted  the appellees'  motion to dismiss to a motion for summary judgment.  Reviewing the motion as one to dismiss the complaint under W.R.C.P. 12(b)(6), we agree with the district court that the appellants have failed to present any facts or allegations that would put the appellees on notice that the appellants were seeking to pierce the corporate veil  in an attempt to  hold Richard Meisinger personally liable for the claims against Meisinger Investments, Inc.  However, we find that the appellants did present a proper claim against Meisinger Investments, Inc., despite the fact the corporation has been dissolved.

[¶22]  We affirm in part, reverse in part, and remand to the district court for further proceedings consistent with this opinion.

---

[1] If a claim is not barred, the claim may be enforced in two ways.  First, it may be enforced "[a]gainst the dissolved  corporation, to  the extent of its undistributed assets[.]"  Wyo. Stat. Ann. § 17-16-1407(d)(i) (LexisNexis 2011).  Second, it may be enforced against a shareholder that received corporate assets through liquidation.  Wyo. Stat. Ann. § 17-16-1407(d)(ii) (LexisNexis 2011).  The shareholder's liability, however, cannot exceed the total amount of assets distributed to him.  *Id.*