# IN THE SUPREME COURT, STATE OF WYOMING

## 2014 WY 94

APRIL TERM, A.D. 2014

*July 29, 2014*

VERNA INMAN,

Appellant
(Plaintiff),

v.                                                          S-13-0189

DENISE BOYKIN,

Appellee
(Defendant).

*Appeal from the District Court of Uinta County*
*The Honorable Dennis L. Sanderson, Judge*

*Representing Appellant:*
    G. Scott Jensen of Jensen and Sullivan, LLC, Ogden UT; and Stephen Farr of Farr, Rasmussen, Farr, LLC, Ogden, UT.  Argument by Mr. Farr.

*Representing Appellee:*
    Carissa D. Mobley of Schwartz, Bon, Walker & Studer, LLC, Casper, WY.

*Before BURKE, C.J., and HILL, KITE\*, DAVIS, and FOX, JJ.*

\*Chief Justice at time of oral argument.

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third.  Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**HILL,** Justice.

[¶1]    Verna Inman filed an action against Denise Boykin alleging that her negligent motor vehicle operation caused a collision resulting in serious injury to Inman.  On Boykin's motion, the district court dismissed the action as barred by the statute of limitations.  Inman appeals, claiming that the court's consideration of evidence outside the pleadings converted Boykin's motion to a summary judgment motion and that genuine issues of material fact precluded dismissal.  We agree that Boykin's motion was converted to a summary judgment motion, but we find that no issues of material fact precluded entry of the court's order and the court correctly concluded that, as a matter of law, Inman's action was barred by the statute of limitations.  We thus affirm.

## ISSUES

[¶2]    Inman states the issues on appeal as follows:

1.    Whether a Motion to Dismiss is converted to a motion for Summary Judgment when an affidavit is presented in a responsive pleading and not excluded by the trial court.

2.    Whether the doctrine of equitable estoppel prevents a defendant from asserting the statute of limitations when the plaintiff is induced to delay service on a case due to the defendant's insurer's promise of settlement and request for time to settle so that insurer may avoid litigation.

3.    Whether the doctrine of equitable estoppel survives this Court's ruling in *Hoke v. Motel 6 Jackson*.

## FACTS

[¶3]    Verna Inman and Denise Boykin were involved in an automobile accident in Evanston, Wyoming, on July 9, 2008.  On June 28, 2012, Inman filed a Complaint in the Third Judicial District Court, Uinta County, against Boykin and Midwest Car Corp., d/b/a/ National Car Rental.  The Complaint alleged that Boykin negligently operated a car owned by National Car Rental, causing the collision between Boykin and Inman and injury to Inman.[1]

---

[1]  The record indicates that National Car Rental disputed Inman's attempted service of the Complaint on the company, and National Car Rental is not a party to this appeal.

1

[¶4]    Inman did not immediately serve the Complaint on either defendant.  On October 26, 2012, Inman filed an Ex Parte Motion for Enlargement of Time for Service.  In that motion, Inman alleged that her attorney was in negotiations with Boykin's insurance company.  The motion also alleged that Inman had attempted service on Boykin, but had been unsuccessful.  The motion for enlargement further stated that Rule 6(b) of the Wyoming Rules of Civil Procedure allowed 120 days for service following the filing of a complaint and that the 120-day deadline would be October 28, 2012.  On October 25, 2012, the district court signed and entered the Order for Enlargement of Time that had been prepared and submitted by Inman, which order granted a 120-day extension of time within which to complete service.

[¶5]    On November 5, 2012, 131 days after Inman filed her Complaint, Boykin was served with a summons and complaint at her home in Georgia.  The summons indicated it was from the State of Utah and was signed only by G. Scott Jensen, Inman's counsel located in Utah.  The summons was not issued or signed by the Clerk of Court for the Third Judicial District and was not under seal of the court as required by Rule 4(b) of the Wyoming Rules of Civil Procedure.

[¶6]    On November 28, 2012, Boykin filed an answer and a motion to dismiss.  Boykin's motion to dismiss alleged that Inman's action was barred by the statute of limitations, that process was insufficient, and that service of process was insufficient.  Inman filed a response within twenty days, with no attachments, and Boykin then filed a timely reply on December 24, 2012.  The district court thereafter scheduled the matter to be heard on March 22, 2013.

[¶7]    On March 14, 2013, Inman filed a supplemental response in opposition to Boykin's motion to dismiss.  The supplemental response advised the district court:

> In an attempt to move past the technical arguments and issues asserted with respect to service and the Summons, Plaintiff caused a second Summons to be issued by the Clerk of this Court to Defendant Boykin.  The second Summons cured the deficiencies alleged of the first Summons, and was served on Defendant Boykin at her residence in Georgia by Deputy Clint Waldrip on December 12, 2012.  The service of this second Summons also occurred within the timeframe granted the Plaintiff by this Court's October 26, 2012 Order for Enlargement of Time for Service.

[¶8]    Inman's supplemental response also included an attached affidavit from the paralegal assisting Inman's counsel.  The affidavit detailed actions taken on the case since Inman retained her present counsel and the negotiations with Boykin's insurer.

2

Attached to the affidavit were copies of letter and e-mail correspondence between Inman's legal representatives and Boykin's insurer.

[¶9] Boykin filed a motion to strike the supplemental response. The district court did not rule on the motion to strike, and the matter proceeded to hearing on March 22, 2013. On June 11, 2013, the district court issued its decision letter granting Boykin's motion to dismiss with prejudice. In so ruling, the court reasoned:

> The Defendant has filed her Motion to Dismiss Plaintiff's Complaint Against Denise Boykin because the action was not deemed to have commenced until she was properly served and that this service was obtained beyond the four-year statute of limitations, and more than 60 days from [the] date of filing of the Complaint.
>
> The Plaintiff acknowledges that it was beyond the 60-day relation-back period, but that it was within the 120-day time period contained in this Court's Order enlarging time for Plaintiff to serve Defendant Boykin. Plaintiff contends that the Court granted the request for extension of time under Rule 6(b)(2) because excusable neglect was present. The court perceives that a more fundamental concern is present. That is whether the Court has jurisdiction to extend the statute of limitations beyond the 60-day "relation-back" period provided for in Rule 3(b) W.R.C.P.
>
> . . . .
>
> At the outset, this Court must discuss what was clearly an erroneous Order that it signed on October 25, 2012 extending the time for service for an additional 120 days. The Court should have known that it had no authority under the Rules to extend the time of service beyond 60 days and denied the request for extension. *See* W.R.C.P. 6(b)(2).
>
> A busy court has to assume that attorneys will not present an improper order for signature. An attorney who has prepared an improper non-compliant order should not be allowed to claim that he was mislead or duped by the court.
>
> More fundamentally, Rule 6(b)(2) does not allow a court to enlarge the sixty-day period set forth in Rule 3(b) and extend the expiration of the statute of limitations. If service of the Complaint and Summons was made on Ms. Boykin within 60 days, then the service is <u>deemed</u> to be made on the date of filing of the Complaint. Rule 3(b), W.R.C.P. If the service is made <u>after</u> the 60-day period, even if an enlargement is granted, then service is the date that service is

made. *Id.* In this case, service would have been made on December 12, 2012, which is over four months past the date of the expiration of the statute of limitations, which was July 8, 2012. *See Hoke v. Motel 6 Jackson*, 2006 WY 38, 131 P.3d 269, ¶¶ 10-12 (Wyo. 2006).

The Plaintiff also contends in an Affidavit that she was mislead by the Defendant's insurer into delaying filing an action because it wanted to settle and avoid the cost and trouble of litigation. The Plaintiff, apparently to protect herself, timely filed her cause of action on June 28, 2012 within the statute of limitations. She asserts that "starting in July the adjuster ceased returning calls and emails from Plaintiff's counsel." (*Plaintiff's Ex. 1, ¶¶ 12-13*).

Assuming the Plaintiff's statements to be true and viewing them in a light most favorable to the Plaintiff, she still had 60 days to complete service that would relate back to the date of filing. The problem here is not one of the Defendant's activities, but of the Plaintiff failing to attempt to properly achieve service until after the 60-day period had expired.

For these and the other reasons stated in the Defendant's Motion and Memorandum, the Plaintiff's Complaint against Denise Boykin is dismissed with prejudice. [Emphasis in original.]

[¶10] On July 18, 2013, the district court entered its order granting Boykin's motion to dismiss with prejudice. Inman thereafter timely filed her notice of appeal to this Court.

## STANDARD OF REVIEW

[¶11] Our first task in addressing the issues presented by this appeal is to determine the standard of review. To answer that question, we must determine whether the district court's order was an order pursuant to Rule 12 of the Wyoming Rules of Civil Procedure or a summary judgment order pursuant to Rule 56.

[¶12] In answering this initial question, we start with Boykin's dispositive motion. Determining the nature of Boykin's motion is complicated by the ambiguous terms in which she cast her motion. Boykin filed her dispositive motion as a motion entitled "Motion to Dismiss Complaint by Defendant Denise Boykin," and the introductory paragraph of Boykin's motion cited Rule 12(b)(6), failure to state a claim upon which relief can be granted, as the basis for Boykin's statute of limitations argument. In the discussion portion of her motion, however, Boykin relied on Rule 12(c), and argued for judgment on the pleadings on the statute of limitations question. We have held that "it is

4

the content of the pleading and not the label which determines its nature and effect * * *." *Western Nat'l Bank of Lovell v. Moncur*, 624 P.2d 765, 768 (Wyo. 1981) (quoting *Joslyn v. Prof'l Realty*, 622 P.2d 1369, 1372 (Wyo. 1981)); *see also Hitz v. State*, 2014 WY 58, ¶ 12, 323 P.3d 1104, 1106 (Wyo. 2014) (looking to substance of motion to determine jurisdiction); *Russell v. Sullivan*, 2012 WY 20, ¶ 16, 270 P.3d 677, 681 (Wyo. 2012) ("It is, however, the substance of a motion rather than its title that determines whether it is authorized under the law."). Because Boykin argued her motion as a Rule 12(c) motion for judgment on the pleadings and relied on undisputed facts in the pleadings, rather than solely on the face of the complaint, and because she filed her motion concurrent with the filing of her answer, we will treat Boykin's motion as a Rule 12(c) motion for judgment on the pleadings. *See* W.R.C.P. 12(b) ("A motion making any of these defenses shall be made before pleading if a further pleading is permitted."); W.R.C.P 12(c) ("After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings.").

[¶13] This Court has defined the circumstances under which a party is entitled to a Rule 12(c) judgment on the pleadings as follows:

> A defendant is entitled to judgment on the pleadings if the undisputed facts appearing in the pleadings, supplemented by any facts of which the district court may take judicial notice, establish that no relief can be granted. . . . A judgment on the pleadings is appropriate if all material allegations of fact are admitted in the pleadings and only questions of law remain.

*Newport Int'l Univ. v. Wyo. Dep't of Educ.*, 2008 WY 72, ¶ 12, 186 P.3d 382, 386 (Wyo. 2008) (quoting *Box L Corp. v. Teton County ex rel. Bd. of County Comm'rs of Teton County*, 2004 WY 75, ¶ 2, 92 P.3d 811, 813 (Wyo. 2004)). Rule 12(c) "may be used when the statute of limitations provides an effective bar against the plaintiff's claim and the entire controversy may be disposed of by reference to the pleadings." *Johnson v. Griffin*, 922 P.2d 860, 862 (Wyo. 1996) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 at 511 (2d ed. 1990)).

[¶14] If matters outside the pleadings are considered by a court in ruling on a Rule 12(c) motion, Rule 12(c) requires that the motion be treated as a summary judgment motion:

> If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

W.R.C.P. 12(c).

[¶15] This Court has held that the conversion of a Rule 12 motion to a summary judgment motion occurs as follows:

> We have explained that if the matters outside of the pleadings considered are affidavits attached to the motion to dismiss, conversion occurs automatically. *Cranston v. Weston Cnty. Weed & Pest Bd.*, 826 P.2d 251, 254 (Wyo. 1992). However, if materials other than affidavits are considered, "such as discovery documents, conversion does not occur automatically. The court may still treat the motion as one for summary judgment, but the record must demonstrate that the parties had notice of the conversion and that the nonmovant had an opportunity to respond." *Id.* At a minimum, the nonmoving party must have ten days to respond to the converted motion for summary judgment. *Shriners Hosp. for Crippled Children, Inc. v. First Sec. Bank of Utah*, N.A., 835 P.2d 350, 356 (Wyo.1992).

*Ridgerunner, LLC v. Meisinger*, 2013 WY 31, ¶ 7, 297 P.3d 110, 113 (Wyo. 2013).

[¶16] Where conversion is not automatic, conversion of a Rule 12 motion to a summary judgment motion does not require entry of a written order. *Torrey v. Twiford*, 713 P.2d 1160, 1163 (Wyo. 1986). Instead,

> the record must adequately demonstrate that all counsel were aware of the intentions of the district judge to treat the motion as converted, together with a reasonable opportunity afforded to the non-moving party to present, by way of affidavit or otherwise, anything necessary to rebut the contention of the moving party.

*Torrey*, 713 P.2d at 1163 (quoting *Kimbley v. City of Green River*, 642 P.2d 443, 445 (Wyo. 1982)); *see also Cranston v. Weston County Weed and Pest Bd.*, 826 P.2d 251, 254 (Wyo. 1992) (where conversion is not automatic, the conversion may still be recognized "but the record must demonstrate that the parties had notice of the conversion and that the nonmovant had an opportunity to respond").

[¶17] Months after the parties had completed briefing on Boykin's motion for judgment on the pleadings and roughly a week before the district court heard argument on that motion, Inman filed a supplemental response to the motion. Inman attached to that supplemental response an affidavit with e-mail and letter exhibits. The court did not

6

exclude Inman's supplemental response, and in ruling on Boykin's motion, the court relied on the affidavit attached to the supplemental response. Although the district court relied on the affidavit in ruling on Boykin's motion, the record contains no indication that the court provided notice of a summary judgment conversion and an opportunity to respond. Inman, the party who submitted the extraneous evidence, does not object to the district court's process and urges this Court to find an effective conversion and review the court's order as a summary judgment order. It is Boykin, the moving party, who on appeal objects to the lack of notice and disputes that there was an effective conversion.

[¶18] We agree with Boykin that the district court erred in considering the affidavit submitted by Inman without giving Boykin an opportunity to respond. Generally under these circumstances, this Court would find that the summary judgment conversion failed, and we would review the district court's decision under the standard of review applicable to the dispositive motion as originally filed. *See Ridgerunner*, ¶ 9, 297 P.3d at 114. We have explained:

> The record does not show that counsel for either of the parties was given any advance notice that the district court planned to convert the motion to dismiss to one for summary judgment. In fact, the first time the conversion is ever mentioned in the record is in the district court's order dismissing the appellants' complaint. Further, we cannot tell what the parties may have known or been told at the time of the motion hearing, or what evidence outside of the pleadings the district court considered, because the hearing was not reported. Therefore, we cannot say that the requirements of converting the motion to dismiss to a motion for summary judgment were met. Consequently, we will review "this case as [an] order[ ] to dismiss rather than as [a] converted order[ ] for summary judgment."

*Ridgerunner*, ¶ 9, 297 P.3d at 114 (quoting *Cranston*, 826 P.2d at 254).

[¶19] Our rules of appellate procedure, however, allow this Court to disregard any error or irregularity that does not affect a substantial right. Pursuant to Rule 9.04 of the Wyoming Rules of Appellate Procedure, "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded by the reviewing court." W.R.A.P. 9.04; *see also In re Guardianship of LNP*, 2013 WY 20, ¶ 15, 294 P.3d 904, 909 (Wyo. 2013) (holding deficient notice under the Indian Child Welfare Act subject to review for harmless error); *Conner v. Board of County Comm'rs*, 2002 WY 148, ¶¶ 14–18, 54 P.3d 1274, 1280–81 (Wyo. 2002) (failure to provide timely notice of show cause hearing pursuant to W.R.C.P. 71.1(e)(1) disregarded as harmless error). The district court's consideration of the affidavit submitted by Inman did not prejudice Boykin

because it did not affect the court's finding that the statute of limitations barred Inman's action. We likewise conclude that the extraneous evidence submitted by Inman does not alter application of the statute of limitations bar to Inman's action against Boykin. Under these circumstances, we find it proper to disregard the lack of notice concerning the summary judgment conversion, and we will thus treat the district court's dismissal order as an order granting Boykin summary judgment and will review the order accordingly.

[¶20] Our standard of review when considering a summary judgment order is as follows:

> We review a summary judgment in the same light as the district court, using the same materials and following the same standards. [*Snyder v. Lovercheck*, 992 P.2d 1079, 1083 (Wyo. 1999) ]; *40 North Corp. v. Morrell*, 964 P.2d 423, 426 (Wyo. 1998). We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. *Id.* A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. *Id.* If the moving party presents supporting summary judgment materials demonstrating no genuine issue of material fact exists, the burden is shifted to the non-moving party to present appropriate supporting materials posing a genuine issue of a material fact for trial. *Roberts v. Klinkosh*, 986 P.2d 153, 155 (Wyo. 1999); *Downen v. Sinclair Oil Corp.*, 887 P.2d 515, 519 (Wyo. 1994). We review a grant of summary judgment deciding a question of law de novo and afford no deference to the district court's ruling. *Roberts v. Klinkosh*, 986 P.2d at 156; *Blagrove v. JB Mechanical, Inc.*, 934 P.2d 1273, 1275 (Wyo. 1997).

*Moats v. Prof'l Assistance, LLC*, 2014 WY 6, ¶ 17, 319 P.3d 892, 896 (Wyo. 2014) (quoting *Lindsey v. Harriet*, 2011 WY 80, ¶ 18, 255 P.3d 873, 880 (Wyo. 2011)).

[¶21] Whether an action is barred by the statute of limitations is a question of law that this Court reviews de novo. *Hoke v. Motel 6 Jackson*, 2006 WY 38, ¶ 6, 131 P.3d 369, 373 (Wyo. 2006) (citing *Hollingshead v. Hollingshead*, 942 P.2d 1104, 1106 (Wyo. 1997)).

## DISCUSSION

[¶22]   Inman does not dispute that her cause of action was subject to a four-year statute of limitations pursuant to Wyo. Stat. Ann. § 1-3-105.   Nor does Inman dispute the material facts underlying Boykin's dispositive motion:

> 1)  that the event giving rise to Inman's cause of action occurred on July 9, 2008;
> 2)  that the statute of limitations expired on July 8, 2012;
> 3)  that Inman's complaint was filed on June 28, 2012, eleven days before the statute of limitations expired;
> 4) that Inman served a defective summons and complaint on Boykin on November 5, 2012; and
> 5) that Inman served a corrected summons and complaint on Boykin on December 12, 2012, 142 days after the filing of her complaint.

[¶23]   Finally, Inman does not dispute that the district court lacked authority to enlarge the Rule 3(b) sixty-day relation-back period—the period within which service on a defendant must be accomplished if the action is to be deemed commenced on the date of filing.  *See Hoke*, ¶ 11, 131 P.3d at 376 ("Using Rule 6(b)(2) to enlarge that time would defeat the purpose of Wyoming Rule 3(b) and frustrate the policies behind the statute of limitations. The provisions of Rule 6(b)(2) may not be used to circumvent the statute of limitations.").  Instead, Inman asserts that Boykin is estopped from asserting a statute of limitations defense because Boykin's insurer lulled Inman into delaying service of the complaint with promises that the insurer was going to make a settlement offer.  Specifically, Inman argues:

> The un-rebutted facts on the record are that the insurer informed Appellant 1) that it wanted to settle the matter without litigation and without retaining an attorney, 2) requested time to prepare a settlement offer, and 3) represented a settlement [offer] would be made within 60-90 days.  This creates a genuine issue of material fact as to whether Appellee can assert the statute of limitations as a defense under the doctrine of equitable estoppel.

[¶24]   We turn then to the evidence that Inman submitted to the district court in support of her equitable estoppel argument.[2]   A party requesting summary judgment bears the

---

[2] Boykin objects to consideration of Inman's equitable estoppel argument, contending that the issue was not raised before the district court.  Boykin is correct that Inman did not articulate her argument below as an equitable estoppel argument.  Instead, Inman argued the insurer's conduct as unclean hands, bad faith, and cause to find excusable neglect in Inman's delayed service.  The district court considered Inman's argument in its decision letter, referring to the argument as a contention that Inman "was mislead by the Defendant's insurer into delaying filing an action because it wanted to settle and avoid the cost and trouble of litigation."  The record does not contain a transcript of the hearing on Boykin's motion, so we do not know how Inman's argument was presented during that hearing.  From the district court's

9

initial burden of establishing a prima facie case for that summary judgment. *Symons v. Heaton*, 2014 WY 4, ¶ 7, 316 P.3d 1171, 1174 (Wyo. 2014). "[T]he party who is opposing the motion for summary judgment must present specific facts to demonstrate that a genuine issue of material fact exists." *Id.* (quoting *Christensen v. Carbon County*, 2004 WY 135, ¶ 8, 100 P.3d 411, 413 (Wyo. 2004)). We have further stated:

> The evidence opposing a prima facie case on a motion for summary judgment "must be competent and admissible, lest the rule permitting summary judgments be entirely eviscerated by plaintiffs proceeding to trial on the basis of mere conjecture or wishful speculation." Speculation, conjecture, the suggestion of a possibility, guesses, or even probability, are insufficient to establish an issue of material fact.

*Symons*, ¶ 7, 316 P.3d at 1174 (citing *Cook v. Shoshone First Bank*, 2006 WY 13, ¶ 12, 126 P.3d 886, 890 (Wyo. 2006)).

[¶25] Here, we are treating Boykin's motion as a motion for summary judgment on her statute of limitations defense. There is no question that Boykin met her initial burden of establishing a prima facie case that the statute of limitations bars Inman's action, and Inman in fact admitted in her supplemental response to Boykin's motion that she did not accomplish service on Boykin until December 12, 2012, which was 142 days after the filing of her complaint and well beyond the Rule 3(b) sixty-day relation-back period. Inman's evidence in opposition to Boykin's motion must therefore present specific facts that show a genuine issue of material fact exists regarding whether the doctrine of equitable estoppel precludes Boykin from asserting a statute of limitations defense. To make that showing, Inman's evidence must show: "1) a delay in filing an action that is induced by the defendant; 2) the defendant misled the plaintiff; and 3) the plaintiff must have acted on the misinformation in good faith to the extent that he failed to pursue his action in a timely manner." *See Lucky Gate Ranch, L.L.C. v. Baker & Assoc., Inc.*, 2009 WY 69, ¶ 24, 208 P.3d 57, 66 (Wyo. 2009) (quoting *Ballinger v. Thompson*, 2005 WY 101, ¶ 22, 118 P.3d 429, 436 (Wyo. 2005)); *see also Swinney v. Jones*, 2008 WY 150, ¶ 9, 199 P.3d 512, 516 (Wyo. 2008).

[¶26] In opposition to Boykin's motion, Inman presented evidence that included the following:

---

disposition, however, it appears that at least in substance something akin to an equitable estoppel argument was made. We will therefore consider the argument on appeal.

--- A letter dated May 22, 2012, from Sean M. Muldoon, a senior claims representative with Gallagher Bassett Services, Inc., a claims processing agency representing one of Boykin's insurers, to Inman's counsel stating:

> On behalf of our client we are responding to your demand for policy limits in order to resolve your client's claim. A review of the supporting documents is being undertaken at this time. Please kindly provide the following information for our review and consideration:
> -Copies of your client's medical records for 5 years prior to the accident date.
> -Your client's Medicare and/or Medicaid status.

--- An e-mail dated June 12, 2012 from Alaina Neumeyer, a paralegal working with Inman's counsel, to Sean Muldoon and another individual, which stated, in part:

> At this time, Ms. Inman is demanding $750,000 new money to settle this matter. Pursuant to our conversation, Sean, I will file the lawsuit and provide both of you a courtesy copy of [the] same. We agree to withhold service for 60-90 days to allow you additional time to review the demand and supporting documents. Please let me know how I can further assist you in your review. We look forward to working with both of you in the hopes of a quick and reasonable resolution of this claim.

---An affidavit from Ms. Neumeyer, which stated, in part:

> 18. On June 12, 2012, I received an email from Sean Muldoon at Gallagher Bassett. Mr. Muldoon asked for a medical authorization. . . .
> 19. I then telephoned him to discuss the email. He indicated that he had received the demand, but had not had a chance to review any of it. He thought that he would need prior medical records in order to review the demand. I expressed concern that there would not be enough time to get those before expiration of the statute of limitations. . . . I told him that we would need to file the lawsuit to preserve the claim. He agreed and told me that they really wanted to get this case resolved without the need for litigation and hiring their attorney. He asked that I give him 60-90 days to review the information and then they would make a settlement offer. I then contacted the Plaintiff. She indicated that most of her

11

prior doctors had retired and it would be too difficult for her to get those records. She gave me a list of her doctors.

20.   After speaking with the Plaintiff, I replied to Mr. Muldoon's email. I gave him the list of doctors. . . .

21.   Mr. Muldoon had indicated that he would send me an authorization to (sic) for the Plaintiff to sign. However, he never did.

22.   At some point in July, he would not return my calls or emails. I continued to leave messages and send emails. . . .

23.   Finally, on August 28, 2012, I emailed Mr. Muldoon again indicating that Mr. Farr was going to have Mrs. Boykin served, but that he would allow for an open extension to allow them the opportunity to settle outside of litigation as they preferred.

. . . .

25.   On October 30, 2012, I spoke to Gary Clifton who had taken over Mr. Muldoon's cases. Mr. Clifton told me that Mr. Muldoon had been promoted and that he had not had a chance to review Plaintiff's demand yet. He promised me he would get back to m[e] by November 9, 2012. . . .

[¶27]   The evidence submitted by Inman included a copy of the August 28, 2012, e-mail Ms. Neumeyer sent to Sean Muldoon, referenced in Paragraph 23 of Ms. Neumeyer's affidavit. That e-mail stated, in part:

> I left you a voice mail today indicating that I have not received a medical authorization for Mrs. Inman to sign per your request. If you still want one signed, please email that to me. Also, Steve would like to serve Mrs. Boykin so as to not have that deadline approaching. He will give you an open extension regarding filing [an] answer. That way you can still review the demand and he won't be under pressure of a service deadline. We would like to keep this case moving towards settlement and hope to avoid litigation. . . .

[¶28]   Inman's evidence also included an October 9, 2012, e-mail that Ms. Neumeyer sent to another claims analyst. That e-mail stated, in part:

> I have been trying to get in touch with Sean Muldoon at Gallagher Bassett, but have not heard back from him. Is he still handling this case? He wanted an authorization signed, but he has never provided me with one. In order to preserve this case, we have elected to have the Defendant served.

12

> However, we are willing to give you an open extension to respond to the Complaint. We would still like to try to resolve this without the need for continued litigation. Please contact me to discuss. . . .

[¶29] The evidence submitted by Inman in opposition to Boykin's motion does not satisfy her burden of showing that a genuine issue of material fact exists concerning Boykin's statute of limitations defense. Even considering the evidence in the light most favorable to Inman, the evidence does not show that Boykin's insurer misled Inman or that the insurer promised to make a settlement offer or waive application of the statute of limitations. Instead, the evidence shows that the insurer intended to review the claim and engage in settlement discussions. Additionally, Ms. Neumeyer's e-mails illustrate that regardless of the insurer's actions, counsel for Inman intended to serve the summons and complaint so as to preserve Inman's claim. The evidence thus shows that it was not the insurer's actions that induced Inman to delay service of the summons and complaint, but rather an apparent misunderstanding on the part of Inman's counsel as to the period of time within which service had to be accomplished.

[¶30] This Court has considered similar facts and rejected application of equitable estoppel to preclude a statute of limitations defense. In *Archuleta v. City of Rawlins*, 942 P.2d 404 (Wyo. 1997), we were presented with the following:

> Archuleta filed a claim with the city manager on April 7, 1994. No further contact was made with the City until mid-February and early March 1995. In each instance the City Attorney requested that Archuleta delay filing her complaint until he could review the claim. With one week remaining before the statute of limitations expired, Archuleta's attorney again contacted the City Attorney. Conceding that he still had not yet reviewed the case for settlement, he again requested that Archuleta delay in filing the complaint. On April 10, 1995, three days after the statute of limitations had run, the City Attorney informed Archuleta's counsel that the insurance company would not make a settlement offer, that the Local Government Insurance Pool would handle her case, and that Archuleta should file her complaint.

*Archuleta*, 942 P.2d at 405-06.

[¶31] On appeal from a summary judgment order in favor of the city on its statute of limitations defense, we rejected the plaintiff's assertion of equitable estoppel. We reasoned:

13

The facts in this case are insufficient to establish estoppel because, while Archuleta may have been induced by the City Attorney's request for delay in filing, the City Attorney in no way misled Archuleta or concealed facts to her detriment. *See Cranston*, 826 P.2d at 256-57. The City Attorney's requests to delay filing were admittedly based on his failure to attend to the claim. He did not have superior knowledge of the facts necessary to make out Archuleta's claim. Archuleta's counsel asserts that he believed that the City Attorney was representing the insurance company when he requested that Archuleta delay filing. Even assuming *arguendo* that this assertion is correct, the City Attorney made neither a promise of settlement nor a promise not to assert the statute of limitations as an affirmative defense. *See Turner*, 582 P.2d at 602-03. Thus, given these facts, no basis for equitable estoppel exists.

*Archuleta*, 942 P.2d at 406-07.

[¶32] In the present case, the evidence offers even less support for an equitable estoppel claim. Not only was there no promise of a settlement offer or promise to waive a statute of limitations defense, the insurer's actions were not what induced the delay in service. We therefore conclude, as in *Archuleta*, that the facts of this case present no basis for application of equitable estoppel to preclude Boykin's statute of limitations defense.

## CONCLUSION

[¶33] Defendant Boykin's motion for judgment on the pleadings was converted to a summary judgment motion when the district court considered evidence outside the pleadings in ruling on the motion. Applying a summary judgment standard of review, we hold that the court properly denied Plaintiff Inman's assertion of equitable estoppel and correctly ruled that Inman's action was barred by the statute of limitations. We affirm.