# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 122

### OCTOBER TERM, A.D. 2016

### December 21, 2016

BRUCE B. WILLIAMS,

Appellant
(Plaintiff),

v.

S-16-0096

LAURA L. SUNDSTROM, as Campbell
County Coroner,

Appellee
(Defendant).

*Appeal from the District Court of Campbell County*
The Honorable Thomas W. Rumpke, Judge

*Representing Appellant:*
> *Pro se.*

*Representing Appellee:*
> Carol Seeger, Deputy Campbell County Attorney, Gillette, Wyoming.

*Before BURKE, C.J., and HILL, DAVIS, and KAUTZ, JJ., and BLUEMEL, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of typographical or other formal errors so correction may be made before final publication in the permanent volume.**

**KAUTZ**, Justice.

[¶1]   Appellant Bruce B. Williams filed a public records request with Campbell County Coroner Laura L. Sundstrom (hereinafter "the coroner"), seeking disclosure of the verdict and case docket she prepared after examining the body of a woman shot by law enforcement.  Mr. Williams was dissatisfied with the document he received in response to his request and filed a "Motion for Reasonable Response" with the district court.  He requested that the court order the coroner to produce a case docket "of sufficient detail" so he could "evaluate the performance of the government, including the coroner."  The district court dismissed the action pursuant to W.R.C.P. 12(c), and Mr. Williams appealed.

[¶2]   This case has a number of procedural anomalies.  We have determined that Mr. Williams was actually requesting relief in mandamus, and, even though he failed to follow the pleading requirements, the district court had jurisdiction over the action.  On the merits, we conclude that, although the district court incorrectly denominated its decision as a dismissal under Rule 12(c) rather than a summary judgment, its decision was correct because the coroner produced all of the information required by statute.

[¶3]   We affirm.

### ISSUES

[¶4]   The issues in this case are:

1.      Did Mr. Williams invoke the jurisdiction of the district court by filing his "Motion for Reasonable Response"?

2.      Did the coroner have a clear duty to provide the level of detail in the verdict and case docket requested by Mr. Williams?

### FACTS

[¶5]   Nikki Jo Burtsfield died in a law enforcement shooting on May 20, 2015.  The coroner examined the body the next day and prepared the verdict and case docket on July 11, 2015.  She listed the manner of death as homicide and the cause of death as:

> Exsanguination due to multiple gunshot wounds to the torso.
> A gunshot wound to the anterior abdomen. Perforations of the
> small intestinal loops and mesenteries.  Perforation of the
> right internal iliac artery and vein.  Massive intrabdominal
> hemorrhage.  A gunshot wound to the anterior right lower
> chest.  Perforations of the right hemidiaphragm, right lobe of

1

liver, transverse colon, duodenum and upper posterior right musculocutaneous tissues.

[¶6]    On August 14, 2015, Mr. Williams filed a public records request with the coroner, seeking the verdict and case docket. The coroner was out of town, and the official verdict and case docket was locked in her file cabinet. Two deputy coroners created a new verdict and case docket with "the information for Mr. Williams [they] believed could be released on a verdict and docket form pursuant to Wyoming state statute." The deputies' verdict and case docket listed the manner of death as homicide and the cause of death as "2 gunshot wounds to torso."

[¶7]    Mr. Williams did not believe the deputies' report complied with the law and filed a *pro se* document entitled "Motion for Reasonable Response" in the district court. The clerk of court labeled the action as "Simple Civil – Writ of Mandamus" apparently because Mr. Williams identified the action as such in the civil cover sheet filed with the district court. Mr. Williams stated that he represented an online periodical and the verdict and case docket, which simply listed the cause of death as two gunshot wounds to the torso, was insufficient to allow him to "evaluate the performance of the government, including the coroner." He attached several verdicts and case dockets he had received from the Natrona County Coroner, which he indicated were examples of proper verdicts and case dockets. Mr. Williams requested "that the court order that the county coroner produce a docket of sufficient detail [so] that I can evaluate the performance of the government, including the coroner."

[¶8]    The Campbell County Attorney's office appeared on behalf of the coroner and filed a "Motion to Dismiss and In the Alternative Motion for Summary Judgment." The county attorney asserted the action should be dismissed because the coroner's verdict and case docket complied with the statutory requirements by identifying the cause and manner of death and no further detail was required. In the alternative, the county attorney requested that summary judgment be granted in the coroner's favor based upon the affidavits of the coroner and deputy coroner and the corresponding documents attached to the motion. One of those documents was the coroner's actual verdict and case docket which, as noted above, provided more detail on the cause of death than the deputies' response had. Mr. Williams replied that the coroner's true verdict and case docket still was not sufficient.

[¶9]    The district court held a hearing and dismissed Mr. Williams' action pursuant to Rule 12(c), concluding that the county coroner's actual verdict and case docket provided in response to Mr. Williams' pleading met the statutory requirements. Mr. Williams filed a timely notice of appeal and appears before us *pro se*.

**DISCUSSION**

2

*1. Did the district court have jurisdiction over Mr. Williams' "Motion for Reasonable Response"?*

[¶10] We must first determine whether Mr. Williams properly invoked the jurisdiction of the district court with his "Motion for Reasonable Response." The issue of whether jurisdiction exists "'may be asserted at any time by any interested party or *sua sponte* by the court at the trial or appellate level.'" *City of Casper v. Holloway*, 2015 WY 93, ¶ 16, 354 P.3d 65, 70 (Wyo. 2015), quoting *In re AGS*, 2014 WY 143, ¶ 15, 337 P.3d 470, 476 (Wyo. 2014). Jurisdiction is a question of law reviewed *de novo*. *Golden v. Guion,* 2016 WY 54, ¶ 11, 375 P.3d 719, 722 (Wyo. 2016).

[¶11] Mr. Williams requested the district court order the coroner to provide a more detailed verdict and case docket. He did not provide any statutory authority for his action; however, Mr. Williams' request that the court order a county official to perform a certain task falls under the definition of mandamus in Wyo. Stat. Ann. § 1-30-101 (LexisNexis 2015): "Mandamus is a writ issued in the name of the state to an inferior tribunal, a corporation, board or person commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station."

[¶12] The fact that Mr. Williams did not caption his action as a mandamus is not fatal to his claim. "In determining whether a writ of mandamus should issue, courts generally are not limited by the denomination of the relator's pleadings. If a pleading, by its allegations and the relief requested, discloses an action in mandamus, it will be so treated." 52 Am. Jur. 2d *Mandamus* § 408 (2016) (footnotes omitted).

[¶13] We consider, then, whether Mr. Williams' pleading followed the requirements for an action in mandamus. Wyo. Stat. Ann. § 1-30-103 (LexisNexis 2015) provides that "[t]he application for a writ [of mandamus] must be by petition, in the name of the state, on the relation of the party applying and verified by affidavit." Mr. Williams did not file a petition for writ of mandamus in the name of the state, on relation of the party applying, or verify it by affidavit.[1]

[¶14] We have not located a Wyoming case addressing whether errors in pleading a mandamus action deprive the court of jurisdiction. However, Ohio has exactly the same pleading requirements and its supreme court recently addressed the consequences of not following them in *Salemi v. Cleveland Metroparks,* 49 N.E.3d 1296, 1300 (Ohio 2016). The court held that the statutory requirements are not jurisdictional, and a petitioner may be allowed to amend his claim to comply with the pleading requirements. *Id.* at 1300-01;

---

[1] The statutes also set forth initial procedures specific to mandamus which were not followed in this case, including consideration and possible granting of a preemptory writ or issuance of an alternative writ, ordering the defendant to "do the act or show cause . . . why he does not do the act[.]" Wyo. Stat. Ann. §§ 1-30-105 through 106 (LexisNexis 2015).

*see generally*, *Williams v. Stafford,* 589 P.2d 322 (Wyo. 1979) (abrogated on other grounds by *Vaughn v. State,* 962 P.2d 149 (Wyo. 1998) (converting a petition for writ of prohibition to a writ of mandamus without indicating that the requirements for pleading mandamus were satisfied). Under this rationale, the district court potentially could have dismissed Mr. Williams' action because he failed to follow the formal pleading requirements. However, since Mr. Williams may have been allowed to amend his claim to meet the requirements and the district court resolved this action on the merits, we will, in the interests of finality and judicial economy, address whether Mr. Williams was entitled to the relief he requested.

2. ***Did the coroner have a clear duty to provide the level of detail in the verdict and case docket requested by Mr. Williams?***

[¶15] The district court ruled that the relevant statutes did not require the coroner to provide the information requested by Mr. Williams and dismissed his claim. Our standard of review depends upon the type of order issued by the district court. Although typically it is not difficult to determine the type of order appealed, in this case it is not so clear. The coroner filed a motion to dismiss under W.R.C.P. 12(b)(6), or, in the alternative, a motion for summary judgment under W.R.C.P. 56. The district court granted a judgment on the pleadings under W.R.C.P. 12(c).[2]

[¶16] Motions for dismissal for failure to state a claim under Rule 12(b)(6) or motions for judgment on the pleadings under Rule 12(c) are based only upon the pleadings. However, when the district court considers affidavits, a motion to dismiss or a motion for judgment on the pleadings automatically converts to a motion for summary judgment under Rule 56. Rule 12(b) and (c); *Ridgerunner, LLC v. Meisinger,* 2013 WY 31, ¶ 7, 297 P.3d 110, 113 (Wyo. 2013); *Inman v. Boykin,* 2014 WY 94, ¶¶ 14-15, 330 P.3d 275, 280 (Wyo. 2014). Although the district court did not properly recognize that it was acting under Rule 56, it clearly considered the coroners' affidavits and the documents attached to them. Mr. Williams did not challenge the district court's consideration of the materials outside the pleadings and, in fact, attached additional documents to his response to the coroner's motion. Consequently, the district court's ruling was actually a summary judgment.

[¶17] Summary judgment is available in a mandamus action. *See generally Allendale Water & Sewer Dist. v. State ex rel. Hansuld,* 919 P.2d 146 (Wyo. 1996). *See also*

---

[2] The reference to Rule 12(c) in the district court's order was apparently in response to Mr. Williams' objection to the county attorney's proposed order. He requested that the proposed order be changed by removing "[b]ased upon Wyoming [l]aw" and replacing it with "[b]ased upon W.R.C.P. 12(c), or equivalent to indicate the change from the originally requested 12(b)." [38]. Although the record on appeal does not contain a transcript of the hearing before the district court or otherwise demonstrate that the State changed the basis for its motion to dismiss from Rule 12(b)(6) to Rule 12(c), Mr. Williams' suggestion was incorporated into the district court's order.

4

*Summary Judgment in Mandamus or Prohibition Cases,* 3 A.L.R.3d 675 (1965, 2016) (stating "in all the cases in which the issue has been presented[,] the courts have uniformly held, either specifically or by implication, that summary judgment may be entered in actions of mandamus if the facts warrant it"). This Court reviews summary judgment orders *de novo. Snell v. Snell,* 2016 WY 49, ¶ 18, 374 P.3d 1236, 1240 (Wyo. 2016).

> "We review a summary judgment in the same light as the district court, using the same materials and following the same standards. We examine the record from the vantage point most favorable to the party opposing the motion, and we give that party the benefit of all favorable inferences that may fairly be drawn from the record. A material fact is one which, if proved, would have the effect of establishing or refuting an essential element of the cause of action or defense asserted by the parties. If the moving party presents supporting summary judgment materials demonstrating no genuine issue of material fact exists, the burden is shifted to the non-moving party to present appropriate supporting materials posing a genuine issue of a material fact for trial."

*Rogers v. Wright,* 2016 WY 10, ¶ 7, 366 P.3d 1264, 1269 (Wyo. 2016), quoting *Inman,* ¶ 20, 330 P.3d at 281 (internal citations omitted). Consistent with the summary judgment standard of review, "[i]nterpretation of a statutory duty in the context of mandamus is a question of law, reviewed *de novo,* following the general rules of statutory construction." *State ex rel. Arnold v. Ommen,* 2009 WY 24, ¶ 14, 201 P.3d 1127, 1132 (Wyo. 2009), citing *State ex rel. Sublette County Bd. of County Comm'rs v. State (In re: Bd. of County Comm'rs* ), 2001 WY 91, ¶ 11, 33 P.3d 107, 111 (Wyo. 2001). Our precedent states that typically the district court's ultimate decision on whether to grant a writ of mandamus is reviewed for abuse of discretion. *Id.* However, the abuse of discretion standard of review is not applicable in this case because the only question is the statutory duty of the coroner in listing the cause of death and that is a legal issue subject to *de novo* review.

[¶18]   "'Mandamus will only issue if the respondent, at the time of the application for mandamus, owes a clear duty to perform to the plaintiff.' 52 Am .Jur. 2d *Mandamus* § 45 (2011)." *State ex rel. West Park Hosp. Dist. v. Skoric,* 2014 WY 41, ¶ 22, 321 P.3d 334, 342 (Wyo. 2014). We explained in *Ommen,* ¶ 16, 201 P.3d at 1133:

> The function of mandamus is to command performance of a ministerial duty which is plainly defined and required by law. Mandamus will not lie unless the duty is absolute, clear, and indisputable. The law must not only authorize the demanded action but require it. If the lower tribunal has the right to

5

exercise discretion regarding an issue, mandamus is not an appropriate remedy.

(citations omitted).

[¶19] In determining whether mandamus is appropriate, we consider the statutory duties of the governmental entity. This Court interprets statutes as a matter of law, applying the *de novo* standard of review. *Clark v. State ex rel. Dep't of Workforce Servs.,* 2016 WY 89, ¶ 10, 378 P.3d 310, 313 (Wyo. 2016); *DB v. State (In re CRA),* 2016 WY 24, ¶ 15, 368 P.3d 294, 297 (Wyo. 2016). When the statutory language is "sufficiently clear and unambiguous," we apply "the words according to their ordinary and obvious meaning." *In re CRA,* ¶ 16, 368 P.3d at 298.

[¶20] The coroner's reporting responsibilities are set out in Wyo. Stat. Ann. § 7-4-105 (LexisNexis 2015):

> (a) After viewing the body and completing his investigation, the coroner shall draw up and sign his verdict on the death under consideration. The coroner shall also make a written docket giving an accurate description of the deceased person, his name if it can be determined, cause and manner of death, including relevant toxicological factors, age of decedent, date and time of death and the description of money and other property found with the body. The verdict and written docket are public records and may be viewed or obtained by request to the coroner, pursuant to W.S. 16-4-202.

[¶21] Section 7-4-105(a) designates the coroner's verdict and written docket as public records subject to disclosure under Wyo. Stat. Ann. § 16-4-202 (LexisNexis 2015). That statute states in relevant part:

> (a) All public records shall be open for inspection by any person at reasonable times, during business hours of the state entity or political subdivision, except as provided in this act or as otherwise provided by law, but the official custodian of any public records may make rules and regulations with reference to the inspection of the records as is reasonably necessary for the protection of the records and the prevention of unnecessary interference with the regular discharge of the duties of the custodian or his office.
> . . . .
>
> (c) If the public records requested are in the custody and control of the person to whom application is made but are in

6

active use or in storage, and therefore not available at the time an applicant asks to examine them, the custodian or authorized person having personal custody and control of the public records shall notify the applicant of this situation within seven (7) business days from the date of acknowledged receipt of the request, unless good cause exists preventing a response within such time period. In the event the applicant is not satisfied that good cause exists, the applicant may petition the district court for a determination as to whether the custodian has demonstrated good cause existed. If a public record is readily available, it shall be released immediately to the applicant so long as the release does not impair or impede the agency's ability to discharge its other duties.

Section 16-4-202 (a) and (c).

[¶22] Initially, the deputy coroners provided Mr. Williams with a verdict and case docket that they prepared because they could not access the verdict and case docket prepared by the county coroner. The coroner's actual verdict and case docket was a public record subject to disclosure under the clear language of §§ 7-4-105(a) and 16-4-202(a). The deputies' creation of a replacement document did not satisfy the disclosure requirement. When they did not have immediate access to the actual verdict and case docket, they should have followed the procedure set forth in § 16-4-202(c). The deputies' action is not, however, the crux of Mr. Williams' complaint.[3] He asserts that neither of the verdict and case dockets contained a proper cause of death under § 7-4-105(a) and the court should force the coroner to provide an appropriate report.

[¶23] The coroner listed the cause of death as:

> Exsanguination [blood loss] due to multiple gunshot wounds to the torso. A gunshot wound to the anterior abdomen. Perforations of small intestinal loops and mesenteries. Perforation of the right interior iliac artery and vein. Massive intrabdominal hemorrhage. A gunshot wound to the anterior right lower chest. Perforations of the right hemidiaphragm, right lobe of liver, transverse colon, duodenum and upper posterior right musculocutaneous tissues.

---

[3] The issue of a public official creating a false document and representing that it is the true official public record is not presented in this appeal.

Mr. Williams claims the coroner is required to provide greater detail about the deceased's injuries, including descriptions of the pathways and trajectories of the bullets, which may require use of diagrams or graphics if words, alone, do not provide sufficient information.

[¶24] The coroner is statutorily required to provide the "cause and manner of death." *Id.* "Cause of death" is not defined in the statute, and the plain meaning of the word "cause" in this context is a "reason for a . . . condition." *Webster's Third New Int'l Dictionary* 356 (2002). The coroner's verdict and case docket included a reason for the death, i.e., blood loss resulting from gunshot wounds to the torso, and explained the injuries that caused the fatal blood loss. The legislature did not require coroners to include additional details or diagrams when listing the cause of death. Consequently, the coroner did not have an absolute, clear and indisputable duty to provide the detailed information requested by Mr. Williams, and the district court properly granted summary judgment in her favor.

[¶25] Affirmed.